ALBANY,
January, 1819.

Jackson, *ex dem.* Allen, *against* Florence.

JACKSON
v.
FLORENCE.

THIS was an action of ejectment, for a lot of land in the town of *Middlesex*, in the county of *Ontario.* The cause was tried before Mr. Chief Justice *Thompson*, at the *Ontario* circuit, in *June*, 1818, when a verdict was taken for the plaintiff, subject to the opinion of the Court, on a case to be made.

The lessor of the plaintiff, who was a blind and infirm old man, about the age of sixty-five years or upwards, by indenture of bargain and sale, bearing date the 14th of *November*, 1809, conveyed the premises in question to the defendant, and his heirs. The consideration on which the deed was founded, was expressed in the following terms : " for, and in consideration of the stipulations contained in the last clause of this instrument, to be carefully observed and performed, on the part of the said party of the second part, his heirs and assigns." The deed contained covenants of title, &c. after which followed the clause alluded to in the commencement, which was in these words: " Now, the above conveyance is on these express conditions, that, whereas, the said party of the second part has agreed, as the consideration for the above described premises, to support the said party of the first part during his natural life ; therefore, be it known, that if the said party of the second part, his heirs, executors and administrators, doth well and faithfully furnish and provide the said party of the first part, in sickness and in health, with all such suitable, convenient, and necessary boarding, lodging, and wearing apparel, during the said natural life of the said party of the first part, as are amply suitable and comfortable for a person aged and infirm, as is the case of the said party of the first part, then the above conveyance to be taken, and construed to all intents and purposes; in other, (*a*) to be void, and of none effect." The lessor of the plaintiff, a few months before the commencement of the suit, refused to remain with the defendant, and left the premises, where he had, until then, resided with the defendant.

A deed of bargain and sale, without consideration, is inoperative, and vests no estate in the grantee.

A deed of bargain and sale, the only consideration expressed in which is, that the grantee shall support the grantor during his natural life, is void; for the deed not being executed by the grantee, and there being no agreement on his part to support the grantor, there was nothing to bind him to do it; and the deed is merely conditional, giving an option to the grantee to support the grantor, or to suffer it to become void by withdrawing his support, and thus is without consideration. Whether any other consideration than money will support a deed of bargain and sale? *Quære.*

(*a*) It is so expressed in the case.

JACKSON
v.
FLORENCE.

The case was submitted to the Court without argument.

SPENCER, J. delivered the opinion of the Court. The objection taken to the deed under which the defendant claims to retain possession of the premises, is, that it was without consideration of any kind. That a deed of lands will be inoperative, if there be no consideration to uphold it, can admit of no doubt That point was fully discussed in this Court, in *Jackson* v. *Alexander.* (3 *Johns. Rep.* 484.) In the present case, there is no pretence of consideration, other than such as is expressed in the deed ; and we are of opinion, that the deed itself furnishes no evidence of consideration. Taking the whole deed together, the inference is irresistible, that the defendant never bound himself by any covenant or agreement which could be enforced, to support or maintain the lessor of the plaintiff. Now, the defendant has not signed and sealed the deed ; and the only consideration expressed, is the stipulation contained in the last clause of the deed, by which the whole deed is rendered conditional, depending on the defendant's supporting the lessor in the manner therein stipulated. The recital, that the defendant had agreed to support the lessor during his natural life, does not fairly import any other agreement than the one contained in the deed; and that leaves it to the option of the defendant either to support the lessor, or to suffer the deed to become void, by withholding the support. If there had existed any agreement, by which the defendant was bound, absolutely, to support the lessor, it was incumbent on the defendant to have produced it; but in the absence of such an agreement, we are bound to say, there was no consideration for the deed. We do not intend to discuss or decide the point, whether any other consideration than money is sufficient in a deed of bargain and sale ; and the deed under consideration can operate only as a deed of bargain and sale. The authorities bearing on that question, were examined in the case already cited. There may be room for doubt, and it is not necessary for the decision of this cause, to examine or decide that point.

Judgment for the plaintiff.