Brooke, President,
delivered the opinion of the court? The appellant, in his bill, without noticing the death of his first wife, or the existence of his daughter by her, or his second marriage and his issue by that marriage, claims for himself, a conveyance in fee of the land on which he had settled, on two distinct grounds; first, a promise made him by his father-in-law, by letter before the marriage; and, secondly, an agreement after the marriage, to give the land to him, in consideration of his relinquishing a valuable contract he had made with Vanmeter.
Of the letter before the marriage, there is no proof. *41 As to the agreement after the marriage, tlie evidence, taking it most favourably for the appellant, is, that M'Coole gave him the property in question, as far as he could give it to him by parol, and by putting him in possession of it; hut there was no consideration for this gift, beyond the parental motive to advance his daughter, and to have her settled in his neighbourhood. There was, in fact, no concluded contract between the appellant and Vanmeter. The hill itself states, that the contract with Vanmeter was inchoate only; and although an attempt was made to prove by Van-meter, that it was concluded, and that he reluctantly absolved the appellant from it, in consequence of a letter from M ’ Coole, soliciting him to do so; yet he did not know, that the letter was from M’ Coole, and it is lost. It seems clear, from the evidencie of Vanmeter and Lewis M’ Coole, taken on the part of the appellant, that, according to the statement iu tlie hill, Darlington’s contract with Vanmeter was inchoate only, and depended on the appellant’s advancing money to the value of half the stock in Vanmeter’s tan-yard, and for the employment of half the hands, and the payment of half of all oilier expenses; which would have required a large sum of money, such as the appellant could have by no means commanded, but by selling a tract of land which he held. So that, if he gave up any thing in consequence of M’ Coole’s promise, it was an uncertain speculation. The improvements on The Falling Waters, were of a character to induce no pecuniary expenditure; and, such as they were, M’ Coole is proved to have contributed two-thirds the labour of making them; and the appellant’s portion of the labour of making them, was more than compensated by the use of the property for thirteen years, or more, free of rent.
In such a case, when the donor has received nothing, and the donee lost nothing; when the chief motive of the gift, a provision for the donor’s daughter, is annihilated by her death; and when the father has discharged the moral obligation to provide for her issue; there is nothing to call into *42 action the powers of a court of equity. There is neither a valuable nor a meritorious consideration; without one of which, a court of equity will not aid a defective conveyance, much less enforce a bare agreement, even if it were in writing.
The decree is affirmed.