BROOKE, P.
The promise and agreement of James Reed, alleged in the bill, is satisfactorily proved. Charles Reed being very poor, and having a large family, and James being relatively rich, and having no child, he was, in some degree, morally bound to provide for his needy brother and family : but a court of equity does not take cognizance of such imperfect obligations. E)ven in the case of parent and child, equity will not decree the execution of an agreement to provide for the child, though the parent is morally bound to provide for him, unless the agreement is under seal, so that at least nominal damages may be recovered upon it at law. In Darlington v. M’Coole, 1 Leigh, 36, the principle was laid down by the court, that there must be a valuable or meritorious consideration, or a court of equity will not aid a defective conveyance, much less enforce a naked agreement, though it be in writing. In the case before us, there was neither a valuable nor meritorious consideration. And there is no case, in which equity has decreed specific execution of an agreement, even one in writing under seal, founded on the imperfect obligation to provide for a brother or other collateral relation. In Vernon v. Vernon, 2 P. Wms. 594, specific execution of the covenant was decreed, upon the consideration, that Henry, the elder brother of Thomas Vernon who executed the covenant, had devised *him an estate worth ,£10,000, with a limitation over to his brothers, upon his dying without issue ; a limitation, which, though void, created a strong moral obligation on Thomas to provide for his brothers, which might have influenced him when he executed the covenant to do so. That was stronger than the mere natural obligation of one brother to provide for another. In the case before us, the promise to convey the land, was a naked promise, without any obligation of the character of that in Vernon v. Vernon ; and it was a parol promise, on which an action at law for damages could not be maintained.
GREEN, J,, concurred.
CABELL, J.
I am of opinion to affirm the decree of the chancellor, on the ground of ■defect of consideration ; the consideration proved, in this case, being neither valuable nor meritorious. But I take occasion to say, that if it had appeared, that Charles Reed had incurred necessary expense or loss in executing his part of the agreement, I should be of opinion that specific execution of it, on the part of James Reed and his heirs, ought to be enforced.
Decree affirmed.