# FORWARD, ET AL. v. ARMSTEAD.

1. A promise by a father to a son, that if he will remove from North Carolina and settle in Alabama, he will give him a particular plantation and slaves, cannot be enforced in equity by specific performance as a contract, it being a mere gratuity, although the son is by it induced to break up at a loss, and is put to trouble and expense in the removal.

2. Part performance of such a promise, by putting the son in possession of the plantation and slaves, and his making improvements on the lands, will not warrant a court of equity in decreeing a conveyance by the heirs or devisees of the father after his death, no conveyance or written agreement to convey, or promise to convey, being proved.

Writ of Error to the Court of Chancery for the thirteenth district.

THE case made by the bill is, that William Armstead, the father of the complainant, John K. Armstead, as an inducement for the latter to remove with his family to Alabama from the State of North Carolina, where he was then living,

promised and undertook, if he would do so, to give him certain lands known as the Turkey Creek plantation, as well as certain slaves. That confiding in his promise to do so, the complainant did remove, at great loss and expense. That William Armstead, in part performance of his promise, put him in possession of the lands and slaves as a gift. That believing the lands were his, he has made valuable improvements on them, by clearing and opening a plantation, and also on other lands purchased by the complainant for the purpose of erecting dwelling houses, &c. as appurtenant to said plantation. That these improvements on the lands so purchased are of little or no value, except in connexion with the plantation. That William Armstead died without making any deed for the premises, leaving the defendants his heirs at law, some of whom have commenced suit for the recovery of the Turkey Creek lands. The prayer is, that this suit may be enjoined, and the defendants decreed to convey the title of the lands constituting the Turkey Creek plantation.

The defendants deny the material allegations of the bill, and set up the statute of frauds as a defence. They also exhibit the will of William Armstead, which directs the sale of the Turkey Creek plantation to be made by his executors—Forward and Westward Armstead—and the proceeds to be equally divided between Forward W. W. Armstead and Edmund Waddle. The answer also asserts, that particular allegations of the bill, such as that William Armstead had more affection for the complainant than his other children, is untrue, and state the contrary, as the complainant in North Carolina had been convicted of a criminal offence. This was excepted to as scandalous, and on that account was stricken from the answers. Several of the defendants, having no interest in the proceeds of the lands, were examined as witnesses, without any order of the court to that effect, and their depositions were on that ground suppressed at the hearing.

The general scope of the evidence is, that Armstead, the father, told his son John K. that if he would move to Alabama he would give him the Turkey Creek plantation, and that after his removal he put him in possession of it. It was

also in evidence that John K. sold his place in North Carolina at a low price, upon breaking up his residence there.

The chancellor considered it immaterial whether the agreement was to be considered as one for a sale or gift, as it had been partly performed by putting the complainant in possession, decreed that the title should be vested in him, and the suit enjoined at the costs of the defendants.

This decree is assigned as error, as is also the striking out the matter of the answer excepted to as scandalous, and the suppression of the testimony of the defendants having no interest in the suit.

BLOUNT, for the plaintiffs in error.

LESLIE and B. F. PORTER, contra.

GOLDTHWAITE, J.—The opinion here will be confined to an examination of the principal point, as the decision on that will be decisive of the suit.

It will be seen that the promise by the father to give his son the Turkey Creek plantation and slaves, is stated in the bill as a *contract*, of which the consideration is asserted to be the breaking up in North Carolina, and the expense and trouble of removing to Alabama. The proof, if it can be said to sustain the allegations of the bill even as to the *form* of a contract, has not the slightest effect in proving the *substance* of one. It is entirely evident that there was no subject or thing to be contracted for. The son was not bargaining for the plantation and slaves, nor was the father contracting for the son's removal. In other words, the slaves and plantation were not to be paid as the consideration for the removal, nor was the removal the cause which induced the promise to make the gift. It would scarcely be contended, if the gift had been made, and the question between the complainant and defendants was now, as it would be in case of the father's intestacy, whether the plantation and slaves were an advancement to the complainant, that the selling out in North Carolina and removal to Alabama would change the gift into a purchase, and thus let him in to an equal division of the remaining estate; and yet the same principle obviously must prevail in the one, as in the other case. As a

contract, the facts here do not constitute any thing near so strong a case as in Kirksey v. Jones, 8 Ala. Rep. 131; where we held, a letter by one to the widow of his brother residing 60 miles distant, promising that if she would come and see him, he would let her have a place to raise her family, was a mere gratuitous promise, although in consequence of the letter, she broke up and removed. On the same principle, the specific performance of a gift of lands was refused in Reed v. Van Arsdale, 2 Leigh, 569; though one of the judges there was of the opinion that if the promisee had incurred necessary expense in the removal, that performance should have been enforced.

It seems to us, that the expense incurred in a removal under such inducements, does not furnish the test whether the engagement is to be considered a contract, instead of a gratuity, because expense, or at least trouble, which is equivalent to it, must always be incurred; but as we have before indicated, the test is, whether the thing is to be *paid* in consideration of the removal, instead of being *given* from motives of benevolence, kindness, or natural affection.

2. There being in our judgment no ground to consider the promise in the nature of a contract, we shall next consider, whether a promise to make a gift will be enforced, when the subject of the gift is land, and the party has made improvements on it, after being put in possession by the donor, but the gift is incomplete from the omission of the donor to execute a conveyance. We have no decisions bearing directly on this proposition, except, on the one hand, sustaining the general proposition that equity will not enforce even a covenant which does not rest on a valuable or meritorious consideration; [Darlington v. McCook, 1 Leigh, 36;] and on the other, that it will do so, when there is a contract, although that, in the first instance, may be invalid for the want of writing, but is afterwards partly performed. It is evident neither of these propositions are sufficiently broad to let in, or refuse relief, in this particular case; for, as we have shown, there is no contract, and it seems to be sufficiently proved the complainant was let into possession, and made some improvements, or at least amelioration of the land as donee. Another principle may seem to have more bearing. It is

generally recognized, where one in possession under color of title, makes improvements which are known to the true owner, and he conceals the facts that he asserts a paramount title, he will not afterwards be permitted to recover the land without making compensation for the improvements. [1 Story's Eq. § 388, and cases there cited.] This principle, we apprehend, can have no application to a mere donee, unless he has been induced to make the improvements under the promise of a conveyance, (whether even then it would apply is a matter as to which we express no opinion,) for until then, it cannot be said that a fraud is practised on him ; and it was his own folly to improve lands which he knew in point of law to belong to another, and when the uncertainty with regard to the title, could be determined at once by asking for a conveyance.

We have preferred to consider the case in this mode, without reference to the nature or value of the improvements, either upon the identical lands, or upon those which the complainant afterwards purchased for a residence, as appurtenant to the plantation. In any point of view, we are of opinion the bill should be dismissed.

Decree reversed, and bill dismissed.