*Johnson, J.
 

 — The defendant’s answer sets up r the facts on which, as he alleges, the question of *- the plaintiffs’ title depends; to this answer the plaintiffs have demurred, and thereby admitted the truth of the facts stated. The answer does not allege that Jabez Cor-win was ever in possession of the lands in question, between the date of the deed to him and the death of the
 
 *328
 
 grantor in the deed, on which latter event, he became entitled "to the possession of the ■ land, -as tenant by the curtesy initiate. He does not, therefore, appear to have been in possession
 
 under his deed,
 
 at any time. There being neither livery of seisin, nor possession under the deed, the plaintiffs fail to make out a title in Jabez Cor-win, Sr., unless the deed can be sustained as a conveyance under the statute of uses.
 

 It has been contended, that it operates either as a bargain and sale, or as a covenant to stand seised. It cannot operate in the first way, because it shows no pecuniary consideration; nor in the second, because affinity by marriage is not a consideration on which a covenant to stand seised can be maintained. Of course, I do not speak of a deed in consideration of marriage, properly speaking, viz., of marriage
 
 to be
 
 had; this is a valuable consideration.
 

 We do not intend to be understood, as expressing, any opinion upon the effect (should the plaintiffs obtain leave to reply in the court, below) of adding to the case an averment, in reply, that Jabez Corwin was in possession under the deed to him, before the death of Isaiah Tut-hill. In the present aspect of the case, the judgment of the supreme court must be reversed, and judgment rendered for the defendant on the demurrer.
 

 Judgment reversed, and judgment for the defendant on the demurrer.