(10 App. Div. 555.)

### TURNER v. HOWARD et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. COVENANTS—BUILDING RESTRICTIONS—REPRESENTATIONS OF VENDOR.

     Where an owner of land represents to the purchaser of a parcel thereof that the whole tract is subject to building restrictions, and exacts a covenant from the purchaser in accordance therewith, the remainder of the tract is

affected with a similar restriction, binding on the original owner and subsequent purchasers with notice.

**2. SAME—PROOF OF REPRESENTATIONS.**
A complaint to restrain the erection of a tenement house on a lot adjoining plaintiff's alleged that, at the time of plaintiff's purchase, the common grantor represented that a restriction against the erection of any but private dwellings was imposed upon the whole block, and that such representation was the inducement to the purchase. Plaintiff's husband, who negotiated the purchase, testified positively to the representation, and defendant introduced no evidence in contradiction. *Held,* that the evidence was sufficient to support the allegation of the complaint.

**3. VENDOR AND PURCHASER—VALUABLE CONSIDERATION.**
A recital, in a deed to the grantor's sister, that it was made in consideration "of one dollar and other good and valuable considerations," is insufficient to entitle the grantee to the rights of a purchaser for value.

Appeal from special term, Kings county.

Action by Jennie M. Turner against Charles N. Howard, Mary Howard, and John Donovan. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles H. Otis, for appellant Mary Howard.
Albert B. Boardman, for appellant John Donovan.
Edward M. Grout, for respondent.

CULLEN, J. In October, 1889, the defendant Charles N. Howard was the owner of a plot of land at the corner of Ninth avenue and Carroll street, in the city of Brooklyn. The plot was 99 feet 4 inches in front on Ninth avenue, facing the Park. On that day he sold and conveyed a moiety of the tract to the plaintiff. By the deed of conveyance the grantee (the plaintiff) covenanted that no tenement or apartment house, store, or saloon should be erected upon the premises conveyed, except that a private stable might be built on Carroll street. The complaint charged that, at the time of the sale, the defendant Charles N. Howard stated and represented that the entire block, including the whole plot owned by that defendant, was restricted to the same extent and in the same manner as provided by the covenant above recited; that, on the faith of that representation, the plaintiff bought the property, and made her covenant as to its use. On January 26, 1893, the defendant Charles N. Howard conveyed the remainder of the plot to his sister, the defendant Mary Howard, for the expressed consideration "of one dollar and other good and valuable considerations." In March, 1896, Mary Howard entered into a contract with the defendant John Donovan for the sale and exchange of this land, free and clear of incumbrances, except a covenant that buildings to be erected on the premises should stand 10 feet back from the street line. The defendant Charles N. Howard at the same time entered into an agreement with Donovan to release the plaintiff's property from the restriction of her covenant, or to refrain from releasing it, as Donovan might elect. As a matter of fact, at the time of the conveyance to the plaintiff there were no restrictions as to the use of the property or the character of the buildings

to be erected on it, imposed by covenant or otherwise, except so far as created by the representations of Charles N. Howard and the covenant in the deed to the plaintiff. The complaint charged that the defendant Donovan intended to erect an apartment house on the land he had contracted to buy. Charles N. Howard did not defend. The other defendants answered, denying the alleged representation from Charles N. Howard to the plaintiff, and asserting that the defendant Mary Howard was a purchaser for value without notice. The allegation that the defendant Donovan intended to erect an apartment house was admitted. The special term granted judgment in favor of the plaintiff, restraining the erection of any apartment or tenement house, store, or saloon on the premises, and enjoined the defendants from conveying the property except subject to a covenant to the same effect.

We have so recently stated our view of the rule of law applicable to this class of cases that further elaboration is neither necessary nor profitable. In Bimson v. Bultman, 3 App. Div. 198, 38 N. Y. Supp. 209, Justice Brown said:

"The principle which supports the judgment in this action is that, where an owner of land contracts with the purchaser of successive parcels in respect to the manner of the occupation and improvement of such parcels, he thereby affects the remainder of the land with an equity which requires it also to be occupied and improved in conformity to the general plan, and this equity is binding upon a subsequent purchaser of the remaining parcel, who has notice of the prior agreement, though his legal title be unrestricted. * * * The rule applied in cases upon this subject rests upon the doctrine of estoppel. Where a party, by his declaration or conduct, has induced another person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequence would be to work an injury to such other person or to some one claiming under him."

The plaintiff's husband, who acted for her in the purchase, testified:

"Mr. Howard told me that the entire block was restricted against any nuisance whatever; that nothing but a private dwelling could be erected on that or the other lot,—not only the piece of property that I contemplated purchasing, but upon the entire block; otherwise, I would not have bought in that neighborhood."

This evidence is criticised as too "shadowy and uncertain" upon which to found an easement or servitude in the lands of the defendant. We think not. It is true that the conversation occurred years before the trial, and that the witness admitted his recollection in the collateral circumstances to be indistinct. But to the essential fact of the representation he testified positively, and in this he is uncontradicted. The defendant Charles N. Howard, who was in common interest with the other defendants, was not placed on the stand to deny the assertion of the witness, nor is his absence, if, in fact, he was absent, from the trial, accounted for. The fact that he made the representation must, therefore, be taken as true, and the case falls within the rule declared in Bimson v. Bultman, supra.

The defendant Mary Howard insists that she is a purchaser for value without notice. This defendant also failed to become a witness on the trial. She rests her claim solely upon the presumption arising from the recital in her deed of the receipt by her grantor of a consideration, which deed the plaintiff put in evidence. I think the rule in this state is settled that the recital in a deed of the receipt of

a consideration is prima facie evidence of the payment of that consideration, even as against strangers. Jackson v. McChesney, 7 Cow. 360; Wood v. Chapin, 13 N. Y. 509; Lacustrine Fertilizer Co. v. Lake Guano & Fertilizer Co., 82 N. Y. 476. There have been dissents from the rule. In Peck v. Mallams, 10 N. Y. 509, Judge Johnson thought a recital of a consideration not evidence as against third parties; but the other members of the court expressed no opinion on this question. In Ring v. Steele, 4 Abb. Dec. 68, the court found it unnecessary to decide the point. Moore v. Bank, 55 N. Y. 41, was the case of a nonnegotiable chose in action, and not in point. In the United States courts and in some of the other states the rule is the reverse. Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239; Kimball v. Fenner, 12 N. H. 248; Devl. Deeds, § 820. But I can find no direct adjudication in this state against the rule, and it must therefore be held to obtain here.

This brings us to an examination of the consideration expressed in the deed. The distinction between good considerations and valuable considerations seems first to have been discussed in cases arising from the technical rules of the common law, now no longer applicable to conveyances. Deeds of bargain and sale required a consideration of some pecuniary value, either expressed or proved, to support them. Here arose the distinction between the two characters of considerations. Love and natural affection of parent to child was a good consideration, and would support a deed operating as a covenant to stand seised, but was not a valuable consideration, and hence would not sustain a deed of bargain and sale. Jackson v. Florence, 16 Johns. 47; Corwin v. Corwin, 6 N. Y. 342. Still a consideration even of the slightest possible value, such as a peppercorn, was declared valuable, and held sufficient to support a deed of bargain and sale. Anon., 2 Vent. 35. So it was held by Chancellor Kent, in Jackson v. Alexander, 3 Johns. 484, that the words "for value received" expressed a sufficient consideration. This has remained the law. The recital in the deed to Mary Howard, therefore, proved that she had paid a valuable consideration, though the mention of the sum of one dollar was sufficient for that purpose, without the "other valuable considerations." But the term "valuable considerations," as applied to the consideration expressed in a deed, differs in its meaning from the term as used in the recording act with reference to purchasers for a valuable consideration, and as used by courts of equity. In the latter cases, it means substantial value; and a nominal sum, though actually paid, or an antecedent debt or a promise on the part of the grantee from which he can be relieved, do not constitute valuable considerations. Wood v. Robinson, 22 N. Y. 564; Weaver v. Barden, 49 N. Y. 286; Ten Eyck v. Witbeck, 135 N. Y. 40, 31 N. E. 994. The recital in the deed would be strictly true if the grantee had paid, or agreed to pay in the future, another dollar, in addition to the one first mentioned, or had released a dollar of indebtedness.

The rule that makes the recital evidence against strangers is an exception to the general principle, and the recital should be strictly construed, and not extended beyond its necessary import. Thus con-

strued, it was not, necessarily, the recital of more than a nominal consideration. I further think that the recital, to act as proof of receipt of a consideration, should state the facts, not the legal judgment thereon. It was said in Mildmay's Case, 1 Coke, 176, where the deed, for "divers good considerations," bargained and sold lands:

"The court ought to judge whether the consideration be sufficient or not, and this cannot be done when it is alleged in such generality."

While this doctrine was relaxed in Jackson v. Alexander, supra, to support a deed against the merest technical objection, I think it should apply with full force in a case like the present. We therefore think that the trial court rightly held that the recital in the deed proved only a nominal consideration.

The judgment appealed from should be affirmed, with costs. All concur.