# CHARLESTON.

JOHN W. BERRY v. TREVA BERRY *et al.*

Submitted April 8, 1919.   Decided April 15, 1919.

1. SPECIFIC PERFORMANCE—*Parol Gift of Land.*

   A court of equity will enforce performance of a parol gift of land, if such gift was made upon a meritorious consideration and the donee has taken possession of the land and improved it. (p. 767).

2. GIFT—*Parol Gifts—Good Consideration.*

   A parol gift of land by a man to the wife of his living son and the mother of infant children by such son is supported by a good or meritorious consideration. (p. 766).

3. SAME—*Parol Gifts of Land—Evidence—Sufficiency.*

   To establish such a parol gift against the claim of a contract of sale by the donor and for reimbursement for money expended by him in improvement of the property in question and in the payment of taxes and assessments thereon and costs of insurance and repairs, supported only by his oath and made after dissensions had arisen beteen the son and his wife, the testimony of the wife supported by two witnesses, proof of expenditure of all the money she had in the construction of a dwelling house on the property, a small town lot, in reliance upon his promise to convey it to her, her exclusive beneficial use and possession of the property for several years, as the place of residence of herself and her family, including her husband, her destitution of means other than the money so expended, and inability or neglect of her husband to provide any other home for his family, are sufficient. (p. 765).

Appeal from Circuit Court, Marshall County.

Action by John W. Berry against Treva Berry and others.

83 W. Va.

From a judgment in favor of the named defendant, plaintiff appeals.                    *Reversed and remanded.*

*Martin Brown,* for appellant.

. *J. Howard Holt,* for appellee. .

Poffenbarger, Judge:

This appeal has brought up a decree for review entered in a suit which seems to have arisen largely out of family, dissensions. The plaintiff sought a decree enjoining an action of assumpsit instituted against him; by his daughter-in-law and requiring her specifically to perform an alleged contract of purchase of real estate. Her husband, the plaintiff's son, was made a party defendant also, but he has not joined his wife in her defense to the suit. She filed an answer denying the contract of purchase alleged, but setting up a parol gift of the lot in question, by her father-in-law to her, and improvement thereof by the expenditure of her money on it to the extent of $1,143.00, in reliance upon the gift, and asking a decree for repayment of her money or for a conveyance of the lot to her, by way of affirmative relief. Denying relief to both parties, the court dismissed the bill and the plaintiff has appealed. The female defendant has cross-assigned error.

The defendants were married in 1902, and seem to have lived in rented property until 1906. At that time, they had three children and the wife's mother resided with them. Of the $1,800.00 received by the wife from her father's estate, about $650.00 had then been expended by her in the payment of rent, doctor's bills and living expenses. In 1906, the remainder of her money, $1,143.00, was turned over to the plaintiff and used by him in construction of a house on a portion of a lot owned by him, it being susceptible of division, and, on the completion thereof, the defendants moved into it and have ever since resided there. During this period, other children were born and their oldest child is now about seventeen years old, while the youngest is about seven. The plaintiff expended about $1,373.00 in the construction of the house, removal of an old building from the lot, wiring of the

house for electricity, plumbing it for gas and water and the digging of a cellar. Since its completion, he has expended some additional money in the payment of taxes and assessments on the property and costs of insurance and repairs. The female defendant brought her action in assumpsit for recovery of the money she had turned over to him. The plaintiff claims he took this money and used it in the construction of the house, under an agreement with the defendants that they would pay him for the lot and the amount expended by him in the construction of the house, in excess of the amount the wife had turned over to him, and prays specific performance of this alleged contract. His claim is something more than $800.00. On the other hand, the wife denies that any such contract was ever made and charges that the plaintiff took her money and used it, with the understanding and agreement that he would convey the lot to her as a gift. She further denies that she ever agreed to reimburse him for any of his own money expended in the construction of the house, the payment of taxes thereon, the cost of insurance, repairs, paving assessments or anything else.

In addition to her own oath as to the understanding upon which she parted with her money, the wife relies upon the testimony of two other witnesses who say that, in conversations with them, the plaintiff declared he had given the lot to her. Her contention has very potent support in the facts and circumstances also. The money she thus parted with was all she had and her situation was such as to preclude possibility of any earnings on her part. Evidently, the husband could not be relied upon for anything. His inability to keep the property insured and repaired and pay the taxes on it was admittedly part of the cause of some of the payments made by his father. The plaintiff gave her no receipt for the money she turned over to him nor did he take anybody's obligation for the amounts expended by him in the construction of the house and payment of other charges to which reference has been made. For a period of about ten years, nothing was done by way of consummation of the agreement between the parties, what ever it may have been.

In 1916, some sort of a controversy arose between the de-
fendants, the husband and wife, and then she says she de-
manded some kind of security for her money, and, about
the time of the institution of her action of assumpsit to
recover it, she made a formal demand for the execution of a
deed, in fulfillment of what she says was the agreement be-
tween them. In our opinion, the evidence considered as a
whole, very decidedly preponderates in her favor.

This was a transaction between a man and his daughter-
in-law, making provision for his seemingly helpless or worth-
less son and his helpless grand children, as well as for her,
and in which she contributed, not only the greater part of
the money, but everything she had. The relationship con-
stituted a very strong incentive to a gift and the circum-
stances strongly tend to negative the theory of a contract.
She had nothing with which to perform a contract of pur-
chase, nor any hope of future ability to perform it, and that
he knew as well as she did. The son, for some reason pre-
sumably known to him, had neither provided a home nor
support for himself and his family. It is altogether improb-
able that the plaintiff relied upon him as a party in the
contract. He does not claim any express promise of reim-
bursement for his expenditures in the payment of taxes, as-
sessments and costs of repairs and insurance. He claims only
right to make these payments and charge them as liens upon
the property, by reason of his alleged interest in it as vendor
of the lot, in an unperformed contract of sale. There was
never a suggestion of any such right or intention to claim it,
until after the trouble arose between the husband and wife,
resulting in a demand upon him for confirmation of her
right in some way. She has had the full beneficial use and
enjoyment of the property in question and the money ex-
pended upon it by the plaintiff, for several years, and all
the circumstances point unerringly to a gift of it to the
wife. The evidence of intent to make the gift claimed is
supported by a strong meritorious consideration for it.

The relation subsisting between the parties constituted
what the law deems to be a good or meritorious consideration,
as contradistinguished from a valuable consideration. *Corwin*

v. *Corwin,* 6 N. Y. 342, 57 Am. Dec. 453, holds a conveyance from a man to his son-in-law, in consideration of natural love and affection only, void for lack of consideration. But the weight of authority is otherwise. *Bell* v. *Scammon,* 15 N. H. 381, 41 Am. Dec. 707; *Gale* v. *Coburn,* 18 Pick. (Mass.) 397. In the case last mentioned, the grantee had been the husband of the grantor's deceased daughter and was the father of two children by her. The following observations of Chief Justice Shaw in that case fit this stronger one exactly: "The general rule is, that the consideration must be consanguinity or marriage. The doubt suggested in the present case respecting the consideration of marriage, is this: supposing the consideration would have been good whilst the relation of husband and wife subsisted between the daughter of the grantor and the grantee, yet whether, after the death of such daughter and wife, the consideration of marriage could be considered as still subsisting. But it is not necessary to decide that point, because here was consanguinity. The grantor was the grandfather of two of the grantee's children. Kindred is sufficient without regard to the nearness or remoteness of the degree. But here might be an efficient or operating motive, and the grantor might well suppose, that the most effectual mode of advancing his grandchildren, was to vest the property in one, bound by every consideration of legal obligation, moral duty and parental affection, to provide for their maintenance, education and advancement." It can make no possible difference that the donee or covenantee here is the wife of a living son of the donor or covenantor, to whom she had, at the date of the contract, borne three children.

That a court of equity will decree specific performance of a parol gift of land, when it is supported by a meritorious consideration and the donee has entered into possession of the property, and expended money in the improvement thereof, on the faith of the gift, is well and firmly settled. *Frame* v. *Frame,* 32 W. Va. 463; *Harrison* v. *Harrison,* 36 W. Va. 487; *Crim* v. *England,* 46 W. Va. 480; *Cox* v. *Cox,* 26 Gratt. 305; *Pigg* v. *Corder,* 12 Leigh 69; *Reid's Heirs* v.

*Vannorsdale,* 2 Leigh 589; *Darlington* v. *McCoole,* 1 Leigh 36; *Shobe's Ex'rs.* v. *Carr,* 4 Munf. 10.

Upon these principles and conclusions, the decree will be reversed, a decree entered requiring the plaintiff to convey to the defendant, Treva Berry, the house and lot in the bill and proceedings mentioned and described and the cause remanded, without prejudice to the right of the former to have a decree on his bill enjoining the action of assumpsit brought against him by the latter, if necessary for his protection.

*Reversed and remanded.*