**276** NEIDLINGER *v.* N. Y. ASSN. FOR IMP. CONDITION OF POOR.

Supreme Court, August, 1923. [Vol. 121

SARAH LUDLOW NEIDLINGER, Plaintiff, *v.* NEW YORK ASSOCIATION FOR IMPROVING CONDITION OF THE POOR, Defendant.

Supreme Court, Richmond County, June (Received August, 1923).

**Injunctions — building restrictions — private dwellings — use of building for vacation home enjoined.**

Where at the time of the original grant from the common grantor of plaintiff and of the defendant, of various parcels making up an entire tract of land, every purchaser was informed of restrictive covenants affecting the entire tract, including one uniform restriction against buildings other than for private dwellings, and in each separate deed of conveyance from said common grantor there was a restriction as follows: "*Second.* That neither the party of the second part, nor his heirs, nor assigns shall or will at any time hereafter cause or procure or permit to be erected upon any part of the land hereby conveyed during his or their ownership thereof any dwelling house which when completed shall be worth at a fair valuation less than the sum of $4,000 *nor shall any buildings be erected upon said premises other than private dwellings* with the outbuildings necessary therefor and no more than two private dwellings shall at any time hereafter be erected and stand upon the said premises at the same time," the plaintiff, whose property vests in her by mesne conveyances from individuals who received the grants from the said common grantor, all of which conveyances contained said restrictions, will be granted an injunction permanently restraining defendant, whose own deed contains the same restriction, from using a building standing on a plot contained within the original tract, as a homestead for children from eight years of age and upwards during a recreation period.

SUIT for injunction.

*Elias Bernstein,* for plaintiff.

*Cadwalader, Wickersham & Taft (John G. Boston,* of counsel), for defendant.

CARSWELL, J. This is an action to permanently restrain the defendant from using a building it owns at Eltingville, S. I., for any purpose other than as a private dwelling.

The common grantor of the plaintiff and the defendant was the Seaside Estates Company, a corporation which engaged in the developing of a tract of land it bought from one John P. Hales. At the time of the sale and grant of the various parcels of land which go to make up the entire tract, the Seaside Estates Company incorporated in each of the conveyances a restriction reading as follows:

"*Second.* That neither the party of the second part, nor his heirs, nor assigns shall or will at any time hereafter cause or procure or permit to be erected upon any part of the land hereby conveyed during his or their ownership thereof any dwelling house which when completed shall be worth at a fair valuation less than the

sum of $4,000 *nor shall any buildings be erected upon said premises other than private dwellings* with the outbuildings necessary therefor and no more than two private dwellings shall at any time hereafter be erected and stand upon the said premises at the same time."

The only material difference in the language of this restriction as set out in the various conveyances was that the valuation of the buildings permissible to erect, varied from $2,000 up to $4,000, depending upon the location of the parcel on the original tract and presumably influenced by the character of the property contiguous to the portion of the original tract involved.

One element of restriction was uniform in all the grants involving substantially the entire tract and that was the restriction with respect to the buildings being required to be private dwellings and nothing else.

At the time of the original grant from the common grantor, the Seaside Estates Company, in conveying the entire tract, every purchaser was informed of these restrictive covenants affecting the entire tract, including the restriction against buildings other than for private dwellings. The plaintiff's property vests in her and the defendant's property vests in it by several mesne conveyances from individuals who received their grants from the Seaside Estates Company and all of which conveyances except a description correcting deed, contained the same restrictions imposed by the Seaside Estates Company. All of the successive grantees of the Seaside Estates Company have observed the restrictions originally imposed except that recently the defendant is claimed to have violated the restriction by using the building on its property for other than a private dwelling.

The defendant has a tract some distance away from the tract originally owned by the Seaside Estates Company. It formerly used a building on that tract for the following purpose. It brought to that building from Manhattan every week or ten days, a group of children ranging from eight years up, for a vacation or recreation period. The cost of doing so was sustained by a private individual disbursing therefor directly or through the organization of the defendant. There was an intermediary arrangement of having an informal club called the " Young Housewives' Club," the members of which paid nominal weekly dues and from among which members were selected the individuals brought to the house in question, for recreational benefits.

This activity was transferred to a building formerly occupied as a private dwelling standing upon a plot contained within the original tract, and involved in this action, the building so occupied being called " The Homestead." The only change was that

Supreme Court, August, 1923.                    [Vol. 121

the defendant's paid employees managed and ran the entire enterprise and that all disbursements were made by the defendant itself. The plaintiff claims this is a violation of the restriction; that it is a placing of an institution in the midst of a high class restricted area limited to private dwellings.

The first question is whether the use to which the defendant put the building in question is one other than that of a private dwelling.

The restriction should not be interpreted to defeat its avowed purpose. *Baumert* v. *Malkin,* 235 N. Y. 115. From the place where the enterprise formerly was carried on and from the inherent nature of the enterprise, I believe that it is essentially an institutional activity, comparable to an orphan asylum and, therefore, not a user of the building as a private dwelling. *Barnett* v. *Vaughan Institute,* 134 App. Div. 921; affd., 197 N. Y. 541. The fact that no signs are placed upon the premises does not take from the user its essential character. I conclude, therefore, that the use violates the restriction.

The defendant asserts that assuming this to be so, plaintiff has no standing to complain. This is based upon the claim that there is no easement enforceable by the plaintiff against the defendant because of a lack of privity of estate between the plaintiff and the defendant and also because it is claimed that the circumstances herein are not such that such an easement can be implied. This latter is founded in part upon the claim that there is and was no uniform plan of the common grantor affecting the tract; that the different provisions with respect to values of buildings, etc., evidence that no uniform plan of restriction was ever intended. It is not necessary that restrictions affecting an entire tract shall be uniform in every particular. It is permissible to have a plan that is uniform with respect to some elements and dissimilar with respect to others and the uniform provisions may then be enforceable. That is true of this case. There is one uniform restriction with regard to private dwellings and the variation with regard to building values is natural in the light of the varying character of the property surrounding the original tract.

The further objection is that the circumstances are not such as to permit of the implying of mutual rights to enforce the restrictions among the grantees of the common grantor, the Seaside Estates Company, as between each other. In *Equitable Life Assurance Soc.* v. *Brennan,* 148 N. Y. 661, 671, it is said: " It is not necessary in order to sustain the action, that there should be privity either of estate or contract; nor is it essential that an action at law should be maintainable on the covenant; but there must be found some-

where the clear intent to establish the restriction for the benefit of the party suing or his grantor, of which right the defendant must have either actual or constructive notice." In this case every grant both before and after the grant of plaintiff's parcel and defendant's parcel by the Seaside Estates Company to the original grantee of the common grantor and each of the mesne conveyances to the plaintiff and the defendant of their respective parcels carried the restrictions with the exception of a correction deed in plaintiff's chain of title, correcting a description and founded on no new consideration. These were all of record, and carried constructive notice of the uniform plan to restrict the entire tract to private dwelling purposes exclusively. Each of the original grantees of the common grantor, the Seaside Estates Company, was informed of the restriction involving the entire tract. Each successive grantee of the original grantee of the Seaside Estates Company took subject to the equities arising from that fact (*Turner* v. *Howard*, 10 App. Div. 555), especially when considered in connection with the conveyances of record involving the entire tract. The existence of the restriction was notorious in the locality affected, and became the subject of public discussion before the defendant took the parcel over from its immediate grantor, Fontaine. Substantially all the property had been developed and built upon before the conveyance from Fontaine to the defendant took place. That development as a physical fact showed that the entire tract was devoted to private dwelling use and put the defendant on notice that there might be some record restriction as to the user of the property. *Tallmadge* v. *East River Bank*, 26 N. Y. 105. These physical conditions naturally direct inquiry to the state of the record of conveyances involving the area, to ascertain whether there was or was not a uniform plan of restriction involving the entire tract. Such an examination would reveal the presence of this uniform plan for private dwelling user.

These surrounding circumstances sufficiently evidenced the plan to restrict the entire area and make enforceable a negative easement with respect to private dwellings' restriction, as between each of the grantees of the original common grantor, the Seaside Estates Company, so far as it related to the entire tract it took over from Hales. It is not essential to the evidencing of such a uniform plan that there should be maps filed or that there should be uniform plottage. The filing of such maps would merely make more apparent the existence of the plan, but if the surrounding circumstances are such as to evidence the plan with reasonable certainty, the failure to file such maps is not a controlling factor. Lack of uniformity of plottage is wholly consistent with the uniform plan to

restrict the entire tract to private dwellings, with different valued houses on different sized plots. *Silberman* v. *Uhrlaub*, 116 App. Div. 869; *Bimson* v. *Bultman*, 3 id. 198; *Turner* v. *Howard*, 10 id. 555; *Schermerhorn* v. *Bedell*, 163 id. 445; *Chesbro* v. *Moers*, 233 N. Y. 75. This is not a case where some of the mesne conveyances in defendant's chain of title failed to set out the restrictions, such as *Moller* v. *Presbyterian Hospital*, 65 App. Div. 134; *Patterson* v. *Johnson*, 181 id. 162; nor is it a case where but a few conveyances had been made by the common grantor with the same restrictions in each separate grant, but with nothing additional from which to infer a uniform plan or intention to have each parcel servient to the other with respect to the restrictions in each conveyance, such as *Longworth* v. *Deane*, 15 App. Div. 461. Here the defendant's own deed contained the restrictions sought to be invoked in this case, which was not the case in *Moller* v. *Presbyterian Hospital*, *supra*. In this case all the conveyances similarly affect the entire parcel of the common grantor company, while in *Patterson* v. *Johnson*, *supra*, and *Equitable Life Assurance Soc.* v. *Brennan*, *supra*, the grants only restricted a part of the tract or they only related to a portion or but one side of the entire tract under control of the common grantor.

The effect of the nuisance restriction upon the private dwelling restriction is disposed of in *Irving* v. *N. Y. White Cross Milk Company*, (1911) N. Y. County Special Term, per Leventritt, J.; *Deeves* v. *Constable*, 87 App. Div. 352. Judgment for the plaintiff as prayed for. Submit findings, etc.

Judgment accordingly.