CABANILLAS, PLAINTIFF AND APPELLANT, *v.* CABANILLAS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action of Nullity.

No. 3264.—Decided November 12, 1924.

NULLITY—VOID CONTRACT—CONTRACT OF MERE LIBERALITY.—In an action for the annulment of a deed in which the father and plaintiff appeared to be selling to his children, to take effect after his death, the title and ownership of his properties, it was alleged in the complaint that although the deed apparently set up a selling price of $8,000 previously received, yet in fact no price or consideration was given. On appeal from a judgment to the effect that the action was barred by limitation it was *Held:* That such allegations support an action of nullity, but not one on a void or inexistent contract, in which case the complaint should have set up that the parties clearly understood that nothing really passed by the deed, for the presumption is that if in such a contract between relatives the price was not actually paid, yet there was a contract with a consideration of mere liberality.

The facts are stated in the opinion.

*Mr. J. Alemañy Sosa* for the appellant.

*Mr. J. Sabater* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

To the complaint in this case the defendants presented a demurrer alleging that the cause of action had prescribed by virtue of section 1268 of the Civil Code. The court sustained the demurrer. The complaint set up that sometime in 1913 the complainant, while he was arranging his personal

affairs and about to make a will, agreed with his children, who are named in the complaint and are all of age, to make a provisional division of his property to take effect after his death; that not being able to give such a division any other character than a bargain and sale (*compraventa*), by deed bearing date of July 31, 1913, the complainant appeared to be selling to his aforesaid children the title and owner-ship of the property described in the complaint but reserv-ing to himself the direct control or usufruct of the said property. Said deed was recorded in the registry.

By the third clause of said deed it was understood that the transmission of the usufruct of said property should be understood to take place after the death of the complainant when the full dominion would be invested in the said children.

The complaint then goes on to recite, and the recital is perhaps the most important part of the case from the stand-point of the appellant, that although the deed apparently set up a selling price of $8,000, which the complainant confessed to have received from his children, yet no price or considera-tion was given for said deed whatsoever.

The complaint further sets forth that all his children are willing to permit the rescission or cancellation of the deed with the exception of the children of a deceased son; that the said minor children, represented by their mother, refused to consent to said cancellation.

On appeal it is strongly urged that the complaint sets up not only a simulated contract but one that is absolutely inexistent. The appellant maintains that a contract without consideration is no contract at all; that section 1268 only applies to real contracts; or, in other words, where all the requisites of object, consent and consideration have been observed. The action, however, is on its face one of nullity. If we are to be guided by the form of the action that the complainant elected to follow, section 1268 appears to be uni-versally applicable. It is difficult to imagine, moreover,

cases wherein, in the ultimate analysis, a contract may be avoided that may not be considered as utterly inexistent. Contracts where something happens after the agreement is executed are more properly subject to actions for rescission. The case that the complainant imagines, for example, of a check given in consideration of the transfer of property, is not particularly convincing. The complainant imagines the check's being given and it turns out that there are no funds in bank to pay the check. A check is an order on a banker. If the banker has no funds subject to order, it would seem that no consideration passed. Surely, the mere turning over of a piece of paper without value is not a consideration, so that in the case supposed the contract would also be inexistent.

However, we think the judgment should be affirmed for more fundamental reasons. Despite the fact that the complaint sets up that there was no consideration for the contract in the action in which this recital is made, the fact attempted to be expressed may be nothing but a conclusion of law. The complaint attempts to say that the price of $8,000 was false and that no price in point of fact passed. This is the fact from which the pleader draws the conclusion that there was no consideration for the contract. In no part of the complaint does he say that the parties to the contract knew or understood that nothing was, in point of fact, to be conveyed by the deed. The father of the defendants was the son of the complainant. The deed purported to convey to him, in anticipation of death, a certain portion of the complainant's property. This step on the part of the complainant, as recited in the complaint, if the recited purchase price was false was an act of mere liberality. Acts of mere liberality will support a contract, at least between the parties, when it is not done in fraud of creditors. Section 1241 of the Civil Code provides as follows:

"In contracts, involving a valuable consideration, the prestation

or promise of a thing or service by the other party is understood as a consideration for each contracting party; in remuneratory contracts, the service or benefits remunerated, and in those of pure beneficence, the mere liberality of the benefactor."

So that, on the face of the complaint, the presumption exists that if the contract had no real price it was made out of pure liberality, and this presumption is not destroyed by the recital that the consideration of $8,000 expressed in the deed was false. In this regard sections 1243 and 1244 are applicable. On its face the contract showed a valuable consideration.

We have been unable to find any case which shows any construction of a contract of pure liberality. Nor are we entirely clear as to the fundamental distinction between a gift and a contract of pure liberality unless it is the form of the alienation and the intention of the parties. In this case the recital of the deed would make it clear that the father intended to convey the whole property to his children subject to a usufruct in himself. It is true that the complaint says that there was no consideration, but given the other recitals of the deed, *non constat* that the complainant was only speaking of the falsity of the expressed price.

If the question relates to the sufficiency of an act of liberality to support a conveyance to a child perhaps the American cases bear some analogy. A valuable consideration is the rule, but conveyances are supported on a good consideration, or namely, one for love and affection, especially where children are concerned. In *Gale* v. *Coburn,* 18 Pick. 401, Mr. Chief Justice Shaw said:

"It is exceedingly well settled by the authorities, that where the fact of consanguinity exists, it may be averred and relied upon, and shall be presumed to have operated as a consideration, in whole or in part, although it is not expressed in the deed as a consideration, and although the grantee or *cestui que use* is not mentioned as a child or other relation. The circumstance, therefore, that this con-

sideration is not mentioned in the deed, will not prevent it from operating as a covenant to stand seised.''

Other cases where pecuniary consideration was out of the way and a good consideration prevailed between relatives are *Thornton* v. *Mulquinne,* 79 A. D. 553; *Bell* v. *Scammon,* 41 A. D. 712; *Berry* v. *Berry,* 99 S. E. 79; *Dawley* v. *Dawley's Estate,* 152 Pac. 1173; *Dolph* v. *Wortman,* 168 N. W. 254.

It seems to us that to state a complete cause of action the complaint should have set forth that the deceased son clearly understood that nothing really passed by the deed; or understood that it was simulated or other words to show the said deceased son understood that there was no consideration of any character.

We are of the opinion that the complaint fails to show a lack of consideration. Any doubt, however, it seems to us, should place the deed in the class of voidable rather than of void or inexistent contracts and justify the action of the court below in deciding that the prescription of four years had run.

The judgment should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.