Cabanillas, Demandante y Apelante, *v.* Cabanillas et al.,
Demandados y Apelados.

No. 3264.—*Visto:* Junio 6, 1924. *Resuelto:* Noviembre 12, 1924.

Nulidad—Inexistencia de Contrato—Contratos por Mera Liberalidad.—En
una demanda para dejar sin efecto una escritura por la cual aparece el padre
demandante vendiendo en previsión de muerte, la nuda propiedad de sus
bienes a sus hijos demandados, se alegó, que aunque en la escritura aparece
celebrándose la venta por $8,000 previamente recibidos, sin embargo no medió,
en realidad, precio alguno. En apelación de una resolución que declaró
prescrita la acción, *se resolvió:* que tales alegaciones sostienen una acción
de nulidad pero no una sobre inexistencia de contrato, para la cual hubiera
sido preciso alegar que los contratantes sabían que nada había de ser tras-
pasado por virtud de la escritura, pues existe la presunción de que si en un
contrato de tal índole entre parientes, efectivamente no se pagó el precio,
no por eso dejó de existir un contrato con la mera liberalidad por causa.

Sentencia de *Angel Acosta,* J. (Mayagüez), sobre excepción previa
declarando sin lugar la demanda, con costas. *Confirmada.*

J. *Alemany Sosa,* abogado del apelante; J. *Sabater,* abogado de los
apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

A la demanda presentada en este caso los demandados
formularon excepción previa alegando que la acción había
prescrito de acuerdo con el artículo 1268 del Código Civil.
La corte declaró con lugar la excepción previa. La de-
manda alegaba que allá por el año 1913 el demandante,
mientras arreglaba sus asuntos personales y estaba para
otorgar testamento, convino con sus hijos cuyos nombres se
consignan en la demanda y son todos mayores de edad, en
hacer una división provisional de sus bienes para después
de su muerte; que no pudiendo dar a dicha división otro
carácter que el de una compraventa, por escritura de fecha
31 de julio de 1913, el demandante aparecía vendiendo a sus
relacionados hijos la nuda propiedad o dominio directo de
los bienes descritos en la demanda, pero reservándose el
dominio útil o usufructo de dichos bienes. La referida es-
critura fué inscrita en el registro de la propiedad.

Por la cláusula tercera de dicha escritura fué entendido

que la transmisión del usufructo de dichas fincas se entendería para después de la muerte del demandante, en que se consolidaría a favor de sus hijos el pleno dominio.

La demanda pasa entonces a expresar, y lo que dice es tal vez la parte más importante del caso desde el punto de vista del apelante, que aunque en la escritura aparece celebrándose el contrato por la suma de $8,000, que el demandante confesó haber recibido de sus hijos con anterioridad a su otorgamiento, sin embargo no medió precio o causa ni consideración en el expresado contrato.

Alega además el demandante que todos sus hijos están dispuestos a permitir la rescisión o cancelación de la escritura con excepción de los hijos de un hijo fallecido; que dichos menores hijos, representados por su madre, se negaron a consentir la indicada cancelación.

En apelación se insiste vigorosamente en que la demanda no sólo alega un contrato simulado sino uno que es absolutamente inexistente. Sostiene el apelante que un contrato sin consideración no es tal contrato; que el artículo 1268 sólo tiene aplicación a verdaderos contratos; o en otras palabras, donde todos los requisitos relativos a objeto, consentimiento y consideración han sido observados; la acción, sin embargo, es por su faz una de nulidad. Si hemos de guiarnos por la forma de la acción que el demandante eligió seguir, el artículo 1268 parece ser universalmente aplicable. Es difícil imaginarse, no obstante, casos en los cuales en el último análisis un contrato puede ser anulado que no deba ser considerado como enteramente inexistente. Los contratos en los cuales algo ocurre después que el convenio se celebra, están más propiamente sujetos a acciones de rescisión. El caso que se imagina el demandante, por ejemplo, de un cheque dado en consideración al traspaso de propiedad, no es particularmente convincente. El demandante se imagina que el cheque ha sido dado y resulta que no hay fondos en el banco para pagar dicho cheque. Un cheque es una orden a un banquero. Si el banquero no tiene fondos

sujetos a la orden, parecería que no mediaba ninguna consideración. Seguramente el mero traspaso de un pedazo de papel sin valor no es una consideración, de modo que en el supuesto caso el contrato sería también inexistente.

Sin embargo, creemos que la sentencia debe ser confirmada por razones más fundamentales. A pesar del hecho de que la demanda alega que no medió ninguna consideración para el contrato en la acción en donde se hace esta manifestación, el hecho que se ha tratado de expresar puede que no sea sino una conclusión legal. La demanda pretende alegar que el precio de $8,000 fué falso y que en realidad de verdad no medió ningún precio. Este es el hecho del cual el demandante llega a la conclusión de que no hubo ninguna consideración en el contrato. En ninguna parte de la demanda dice él que las partes en el contrato sabían o entendían que en realidad de verdad nada había de ser traspasado por virtud de la escritura. El padre de los demandados era el hijo del demandante. La escritura representaba un traspaso a él, en previsión de muerte, de cierta porción de la propiedad del demandante. Esta gestión por parte del demandante, como se expresaba en la demanda, si el precio de venta especificado fué falso, era un acto de mera liberalidad. Los actos de mera liberalidad servirán de base a un contrato, al menos entre las partes, cuando no se celebra en fraude de acreedores. El artículo 1241 del Código Civil prescribe lo siguiente:

"En los contratos onerosos se entiende por causa, para cada parte contratante, la prestación o promesa de una cosa o servicio por la otra parte; en los remuneratorios, el servicio o beneficio que se remunera, y en los de pura beneficencia, la mera liberalidad del bienhechor."

De modo que según la faz de la demanda existe la presunción de que si en el contrato no medió precio real fué de pura liberalidad, y esta presunción no está destruída por el hecho de decirse que la consideración de $8,000 expre-

sada en la escritura era falsa.  En este sentido los artículos 1243 y 1244 son aplicables.  El contrato por su faz mostraba una consideración por valor.

No hemos podido encontrar ningún caso donde aparezca alguna interpretación de un contrato de pura liberalidad. Ni estamos enteramente seguros en cuanto a la distinción fundamental que existe entre una donación y un contrato de pura liberalidad, a no ser que sea la forma de la enajenación y la intención de las partes.  En este caso, según lo que expresa la escritura, resultaría claro que el padre trató de traspasar todos los bienes a sus hijos sujetos a un usufructo a su favor.  Es cierto que la demanda expresa que no medió ninguna consideración, pero en vista de las otras manifestaciones de la escritura *non constat* que el demandante sólo hablaba de la falsedad del expresado precio.

Si la cuestión se refiere a la suficiencia de un acto de liberalidad para sostener un traspaso hecho a un hijo, tal vez los casos americanos tienen alguna analogía.  Una consideración por valor es la regla, pero los traspasos están sostenidos por una buena consideración, o sea, de amor o afecto, especialmente cuando se trata de hijos.  En el caso de *Gale* v. *Coburn,* 18 Pick. 401 (Mass), el Juez Presidente Sr. Shaw se expresó así:

"Está repetidamente bien establecido por las autoridades que cuando existe el hecho de la consanguinidad puede alegarse y servir de fundamento, y se presumirá que ha surtido el efecto de una consideración, total o parcial, aunque no se exprese en la escritura como consideración, y aunque el cesionario o *cestui que use* no se mencione como hijo u otro pariente.  La circunstancia, por tanto, de que esta consideración no se mencione en la escritura no impedirá que surta el efecto de un convenio para tomar posesión."

Los otros casos en los cuales la consideración pecuniaria no mediaba y prevalecía una buena consideración entre parientes, son los de *Thornton* v. *Mulquinne,* (12 Iowa 549) 79 A. D. 553; *Bell* v. *Scammon,* (15 N. H. 381) 41 A. D. 712; *Berry* v. *Berry,* (83 W. Va. 763) 99 S. E. 79; *Dawley*

v. *Dawley's Estate*, (60 Colo. 73) 152 Pac. 1173; *Dolph* v. *Wortman*, (185 Iowa 630) 168 N. W. 254.

Creemos que para aducir una completa causa de acción, la demanda debió haber alegado que el hijo fallecido claramente entendió que en realidad nada se traspasó por la escritura; o entendió que era simulada, u otras palabras para indicar que el expresado hijo fallecido creyó que no hubo ninguna consideración de ninguna clase.

Somos de opinión que en la demanda se deja de expresar una falta de consideración. Sin embargo, entendemos que cualquier duda haría que la escritura quedara comprendida en la clase de contratos anulables y no nulos o inexistentes y justificaría la acción de la corte inferior al resolver que la prescripción de cuatro años había corrido.

*Debe confirmarse la sentencia.*