SUCN. DE JOAQUINA GÓMEZ, ETC., demandantes y apelantes, *v.* ARTURO COLÓN GÓMEZ, MANUELA GÓMEZ y PETRA GÓMEZ, demandados y apelantes.

Núm. 8641.—*Sometido:* Noviembre 17, 1943. *Resuelto:* Febrero 10, 1944.

*Diego E. Ramos,* abogado de los apelantes; *Luis Mercader,* abogado de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Se instituyó este pleito solicitando se declararan nulos y sin ningún valor un pagaré de $2,500, una hipoteca otorgada para garantizar el mismo y los procedimientos ejecutivos sumarios de la hipoteca. El pagaré y la hipoteca se otorgaron en 1940 por Joaquina Gómez, once meses antes de su muerte, cuando contaba más de 80 años de edad, a favor de su sobrino, Arturo Colón Gómez, el demandado principal en este caso. Mediante testamento otorgado en 1930 y modificado en 1931, la señora Gómez instituyó como sus únicos y universales herederos a sus tres hijos naturales Luis, Manuela y Petra. Luis premurió a su madre. Sus hijos han entablado el presente pleito como la Sucesión de Joaquina Gómez. Los otros dos hijos de Joaquina Gómez, Manuela y Petra, se incluyen como demandados, toda vez que rehusaron comparecer como demandantes. La sucesión ha apelado de la sentencia de la corte de distrito a favor de los demandados.

■■ Los apelantes señalan como su primer error el que la corte inferior no resolviera que como cuestión de hecho la señora Gómez estaba mentalmente incapacitada para otorgar el pagaré y la hipoteca aquí envueltos. Los apelantes asumen la posición de que la corte de distrito cometió error al resolver, según se alega, que era necesaria prueba pericial a ese efecto con el fin de probar la alegación de los apelantes. Los apelantes tienen razón al sostener que es admisible prueba no pericial sobre la cuestión de capacidad mental (VII Wigmore on Evidence, Sec. 1938, pág. 36). Pero la corte inferior no asumió la posición que las apelantes le atribuyen. Si bien mencionó el hecho de que no se ofreció prueba pericial para establecer la incapacidad mental de la señora Gómez para la época en que otorgó los documentos en cuestión, la sentencia de la corte de distrito no se basó exclusivamente sobre este hecho. La corte inferior llegó a la conclusión, basada en toda la prueba, de que los apelantes no afrontaron con éxito

el peso de la prueba sobre la cuestión de incapacidad. El hecho de que la señora Gómez fuera una anciana, analfabeto y sorda, no era desde luego concluyente por sí sólo en cuanto a esta cuestión. La corte resolvió el conflicto de la prueba a favor de los apelados, indicando, entre otras cosas, que estos documentos, otorgados ante un notario que dió fe de su capacidad mental, eran algunos de los varios documentos que ella había firmado durante los últimos años. No podemos encontrar base alguna por la cual podamos intervenir con la sentencia de la corte de distrito en cuanto a esta cuestión (*Suárez et al.* v. *El Banco Territorial y Agrícola,* 16 D.P.R. 630).

Los apelantes también alegan que la corte inferior debió haber resuelto que el otorgamiento del pagaré y de la hipoteca se obtuvo mediante fraude y engaño. En cuanto a este punto, los apelantes citan la prueba antes referida en cuanto a la incapacidad mental; el hecho de que la señora Gómez, de acuerdo con la prueba de los apelantes, nunca le mencionó este asunto a sus nietos, en los cuales ella tenía por costumbre confiar; que el demandado no era un hombre de negocios y carecía de recursos suficientes para una inversión de esta índole, toda vez que percibía un sueldo pequeño como empleado y nunca poseyó dinero en el banco.

Por otro lado, el demandado, quien se admite era el arrendatario de la finca hipotecada en la época en que se otorgaron el pagaré y la hipoteca, ofreció una explicación de por qué se otorgaron, la cual, de ser creída, era suficiente, como veremos más adelante, para constituir una adecuada causa (*consideration*) para el contrato aquí envuelto. Ciertamente, este estado de hechos no justificaría, como cuestión de derecho, que revoquemos la conclusión de hecho de la corte de distrito de que no se probó el fraude en cuanto a Colón mediante la necesaria prueba clara y convincente (*Texas Co. (P. R.) Inc.* v. *Estrada,* 50 D.P.R. 743; *Arenas* v. *Batalla,* 48 D.P.R. 31; *Martínez* v. *Rodríguez,* 26 D.P.R. 6).

■ El otro error alegado es que. no hubo suficiente causa (*consideration*) para el contrato de hipoteca. Colón declaró que vivía con la señora Gómez; que la venía atendiendo durante muchos años; que realizó varias transacciones con ella, incluyendo el arrendamiento que le hizo de la finca en cuestión; y que la señora Gómez lo quería mucho. Declaró que la señora Gómez le debía una suma de dinero—aproximadamente $900—que se admitió era menos que el valor original del pagaré. Declaró, sin embargo, que a la fecha del otorgamiento del pagaré la señora Gómez insistió en que éste y la hipoteca se otorgaran por la cantidad mayor de $2,500 debido al efecto y a la gratitud que ella le profesaba por haberle cuidado. De ser creída esta prueba por la corte inferior, bajo las circunstancias de este caso ésta era suficiente causa o consideración bajo el artículo 1226 [1] de nuestro Código Civil (*Cabanillas* v. *Cabanillas et al.*, 33 D.P.R. 777; *Cruz* v. *López et al.*, 17 D.P.R. 42).

■ Los apelantes imputan pasión, prejuicio y parcialidad a la corte inferior, pero no señalan un incidente específico en el récord para sostener tan grave acusación (*Colón* v. *Gobierno de la Capital*, 62 D.P.R. 25).

En vista del resultado a que hemos llegado, las cuestiones restantes suscitadas por ambas partes no requieren nuestra consideración.

*La sentencia de la corte de distrito será confirmada.*

---

(1) El artículo 1226 lee como sigue:

"En los contratos onerosos se entiende por causa, para cada parte contratante, la prestación o promesa de una cosa o servicio por la otra parte; en los remuneratorios, el servicio o beneficio que se remunera, y en los de pura beneficencia, la mera liberalidad del bienhechor."