A. MICHELSON ET AL., APPELLEES, V. SAMUEL HYDE ET AL., APPELLANTS.

[FILED FEBRUARY 24, 1892.]

Real Estate: POWER OF ATTORNEY: REFORMATION.   In the year 1857, one Welcome Hyde, being possessed of certain real estate in Washington county, Nebraska, executed a power of attorney in this state to one Samuel Hyde, to sell and convey the land in question.    This power was not witnessed, but was duly

acknowledged. Under the power, Samuel Hyde sold and conveyed the land to a *bona fide* purchaser. The land was unoccupied until about the year 1887, when one L. entered into possession and afterwards obtained a quitclaim deed in favor of his wife from Welcome Hyde and wife, who were led to believe that L. derived title through the power of attorney. *Held*, That the plaintiff was entitled to a reformation of the power of attorney and to a decree confirming his title, and that L. and wife had no interest in the premises.

APPEAL from the district court for Washington county. Heard below before CLARKSON, J.

*John Lothrop,* for appellants.

*W. C. Walton,* and *Jesse T. Davis, contra.*

MAXWELL, CH. J.

This is an action brought in the district court of Washington county by the plaintiff against Samuel Hyde, Welcome Hyde, and John Lothrop, to correct and reform a certain conveyance of real estate in the form of a power of attorney, and to restrain the defendant John Lothrop from committing waste on the land during the pendency of the action. It appears from the evidence that on the 8th day of December, 1857, Welcome Hyde, who was then the legal owner of the lands in controversy, executed and delivered to Samuel Hyde a power of attorney to convey " The north half of the northeast quarter and the north half of the northwest quarter of section 27, in township 18 north, of range 12 east, in Washington county, Nebraska;" that the power of attorney was executed in this state, but not witnessed ; that in pursuance of said power of attorney the said Samuel Hyde, in the name of his principal, executed and delivered a deed of conveyance of said premises to a *bona fide* purchaser, and afterwards a complete chain of title is proven by succession of conveyances down to the plaintiff. The only defect in the power is in

the failure to witness the same.    The Hydes do not con-
test the plaintiff's right nor does any one who purchased
in good faith from them.    During the pendency of this
action, and before the determination thereof, the defendant
Hortense Lothrop obtained from the defendant Welcome
Hyde and wife a quitclaim deed of the premises in con-
troversy; thereupon the plaintiff obtained leave to file a
supplemental petition alleging these facts and bringing
Hortense Lothrop in as a defendant for the purpose of set-
ting her deed aside and having the same declared void and·
in fraud of the rights of the plaintiff.    A supplemental peti-
tion was filed and issue joined thereon, and the case tried
upon the pleadings and proof, and a decree for the plaintiff.
The defendants Hortense Lothrop and John Lothrop bring
the case into this court by appeal.

We do not care to comment on the testimony in this
case—more particularly as it is not creditable to some of the
parties concerned.    The only defect in the power of attor-
ney was the failure to witness the same.    The person au-
thorized thereupon sold the land to a *bona fide* purchaser
and made a deed therefor to him, and the plaintiff traces
his title by conveyances of parties who derived title
through said power of attorney.    So far as this record
discloses, Welcome Hyde has been anxious to remedy the
defect and evidently supposed that he was doing so in mak-
ing a quitclaim deed to Hortense Lothrop.    The Lothrops
are not *bona fide* purchasers, and have suffered no wrong
in the premises.    The judgment is clearly right and is in
all things

AFFIRMED.

THE other judges concur.