SAMUEL J. GUSTIN V. ANTON MICHELSON.

FILED MAY 4, 1898.   No. 8037.

1. **Deeds: DELIVERY: EVIDENCE.** The fact that a deed of conveyance has been recorded affords *prima facie* evidence of its delivery, which is a question of fact.

2. ———: ———: ———. The mere circumstance that a deed was found among the papers of the deceased grantor named in it *held* to be without significance, in view of the fact that such grantor—a resident of Nebraska—had, since the making of the deed, been constituted by the grantee—a resident of New York—his attorney in fact to sell, manage, and convey the property described in such deed.

ERROR from the district court of Washington county. Tried below before KEYSOR, J. *Affirmed.*

*John Lothrop* and *Lee S. Estelle*, for plaintiff in error.

*Davis & Howell* and *E. R. Duffie, contra.*

RYAN, C.

This action of ejectment was brought in the district court of Washington county by Anton Michelson against Samuel J. Gustin. The real property involved was the north half of the northwest quarter of section 27, in township 18 north, range 12 east, 6th principal meridian. In accordance with a peremptory instruction of the court there was a verdict for plaintiff. For a reversal of the judgment entered on said verdict this proceeding in error is prosecuted by Gustin.

In *Michelson v. Hyde,* 34 Neb. 60, there was involved the title to the above described land and that of the north half of the northeast quarter of the same section. The appellants who made this contest in that case were John Lothrop and his wife, Hortense Lothrop. In the case at bar there seems to have been some reliance by Lothrop on the defect in the power of attorney made by Welcome Hyde to Samuel Hyde. This ground was held unavailing in *Michelson v. Hyde, supra,* and, therefore, will be dismissed with a simple reference to the discussion of the facts in that case.

After the filing of the opinion it seems that the case of *Michelson v. Hyde, supra,* was remanded to the district court and that as parties the Lothrops ceased to figure in the further litigation. Subsequently, on September 28, 1892, the heirs of Charles Powell quitclaimed to Hortense Lothrop their interest in the undivided half of the north half of the northwest quarter of the section hereinbefore described. This quitclaim deed was filed for record October 3, 1892. On April 1, 1893, Hortense Lothrop and her husband, John Lothrop, quitclaimed their interest in the undivided half of the north half of the northwest quarter of section 27, aforesaid, to Samuel J. Gustin, who, thereunder, justified his

right of possession, which in the district court in this case has been held unfounded. The question of fact involved is whether or not Charles Powell, at the time of his death, had title to the undivided interest afterward quitclaimed by his heirs. Gustin insists that this was the case, and that what is claimed to have been a deed of conveyance by Charles, under which Michelson claims title, was never in fact delivered, and, therefore, was never operative. The basis for this contention is the testimony of Jesse Davis, to the effect that a daughter of Charles Powell gave him a package of papers in which was the above deed, which was from Charles to Arch. C. Powell. Entirely upon the circumstance that this deed was found among the effects of Charles Powell after his death, Gustin bases his contention that said deed was never delivered. There was offered in evidence the deed referred to by Mr. Davis, which was dated August 3, 1858. The indorsements thereon showed that it was filed for record August 13, 1858, and was recorded in book of deeds 4, page 187, in the office of register of deeds of Washington county. The record found on the page of the book of deeds just indicated varies in some respects from the language of that identified by Mr. Davis; among others, in the fact that the description of the undivided one-half of the northwest quarter of section 27, aforesaid, was omitted. There is, however, such a resemblance between the deed produced and that recorded that there can be no doubt that the discrepancies were mere omissions chargeable solely to the negligence of the register. The fact that a deed had been recorded has been held to afford *prima facie* evidence of delivery. (*Bowman v. Griffith*, 35 Neb. 361; *Issitt v. Dewey*, 47 Neb. 196.) In *Brown v. Westerfield*, 47 Neb. 399, it was held that it was not essential to the validity of a deed that it should be delivered to the grantee personally, but that it was sufficient if the grantor delivered it to a third person, unconditionally, for the use of the grantee, the grantor reserving no control over the instrument. Within a month

from the date of the deed to him the grantee therein named executed to the grantor a power of attorney whereby the attorney in fact, Charles Powell, was empowered to grant, bargain, sell, and convey any and all the property of Arch. C. Powell in Washington county as such attorney in fact saw fit, and to manage, rent, and operate the said property as the said attorney in fact should see fit. At this time Arch. C. Powell was a resident of the state of New York, while Charles, his brother, was a resident of Washington county, Nebraska. The possession of the deed from himself under these circumstances was not inconsistent with the fact that it had been delivered to Arch. C. Powell, for it was but natural that when Charles constituted his brother his attorney in fact to sell land and manage it, he should intrust to his keeping the muniments of his title. As we have already stated, the deed now questioned was so indorsed as to show that it had been duly recorded; hence there was nothing strange or unusual in the circumstance that in this condition this deed should have been returned by Charles to his brother. The evidence of the delivery of this deed was so satisfactory that the district court committed no error in refusing to submit that question to the jury for determination. There is presented no other question and the judgment of the district is

AFFIRMED.