# CHARLESTON.

H. W. DEPUE, ADM'R. ETC, *v.* FLEM STEBER *et al.*

Submitted September 13, 1921. Decided September 20, 1921.

1. WITNESSES—*In Administrator's Action to Recover Property Claimed as a Gift, Defendant is Incompetent to Testify as to Transactions with Deceased.*

   In an action by the administrator of a deceased person, for the recovery of specific personal property, against one claiming it by gift *inter vivos* from the intestate, the alleged donee is not competent to testify to the alleged gift, nor to any conversation or declaration of either of them, respecting the same, on the occasion thereof or afterwards, the gift, if any, being a personal transaction, and the conversations personal communications, between him and a deceased person. (p. 80).

2. SAME—*In Administrator's Action for Property Claimed as Gift by Defendant, Party Executing Forthcoming Bond is Incompetent to testify to Deceased Donor's Admissions.*

   A person who, in such an action commenced in a justice's court and carried by appeal into a circuit court, executed a counter bond with condition to have the property forthcoming to answer the judgment in the action, is incompetent, by reason of interest, to testify to declarations or admissions of the alleged gift by the donor, they being personal communications between him and a deceased person. (p. 81).

3. EVIDENCE—*In Action to Recover Property From Deceased Donor, Donee's Statements as to Gifts Held Not Admissible as Res Gestae.*

   A declaration by the alleged donee, to the effect that the property had been given to him as claimed, made on the day of the alleged gift, and very soon afterwards, but not at the place thereof, is not admissible, it being no part of the *res gestae;* but his declarations of ownership of the property while in his possession are admissible. (p. 82).

4. SAME—*Self-Serving Declarations of Donor and While Intoxicated Not Proof of Character of Transaction, But Admissible to Show State of Mind.*

   Self-serving declarations of a deceased person from whom a gift is claimed, made soon after he relinquished his possession of the property and while intoxicated and suffering from delirium tremens, are not admissible, or rather cannot be used,

for proof of the character of the transaction between him and the alleged donee, but are admissible as bearing upon his state of mind at the time thereof.   (p.. 83).

5.  SAME—*Declaration of Deceased Donor Against Donee's Interest, After Transaction and Recovery of Mental Vigor, Held Inadmissible.*

Declarations of such donor against the interests of the donee, made after the transaction and after restoration of his full mental vigor, are not admissible at all.   (p. 83).

6.  SAME—*In Administrator's Action for Property Claimed as Gift, Evidence of Unwillingness That Property Go to Relatives Held Admissible.*

In such case, declarations of the donor, indicative of unfriendliness on his part toward his brothers and sisters and his unwillingness that they should have any of his property, though not shown to have been made in anticipation of impending death and therefore not strongly probative, are admissible.   (p. 83).

7.  TRIAL—*General Objection to Evidence Good in Part Properly Overruled.*

A general objection to evidence available for some purposes in the trial, but not for others, is properly overruled.   (p. 83).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Roane County.

Action by H. W. Depue, as administrator of the estate of Fred M. Depue, deceased, against Flem Steber and another, in detinue before a justice of the peace, in which a judgment was rendered for the plaintiff and an appeal taken to the circuit court where, on second trial, judgment was for the defendant, and plaintiff brings error.

*Reversed and remanded.*

*S. P. Bell,* for plaintiff in error.
*Geo. F. Cunningham,* for defendants in error.

POFFENBARGER, JUDGE:

The complaint on this writ of error goes to a judgment for the defendant in an action of detinue for the recovery of a diamond ring, commenced before a justice of the peace, in whose court the plaintiff prevailed, and tried a second

time on appeal, in the Circuit Court of Roane County, in which the defendants prevailed.

The real defendant is Frank Steber, a youth of fourteen or fifteen years and the son of the defendant, Flem Steber. His claim of title is based upon an alleged gift of the ring to him by Fred M. Depue. Apparently, the father with whom the boy resides has advised and encouraged him to assume the attitude he has taken and supports him in his effort to maintain it. It seems to be uncontroverted that, on February 26, 1919, Depue delivered the ring to the boy in his father's barber shop. One of the issues involves the mental condition of the alleged donor, at that time, and another the purpose of the delivery. Depue's heavy drinking some days before the alleged gift brought on delirium tremens with its hallucinations, according to the evidence adduced by the plaintiff, and this mental and nervous condition continued for some time thereafter. Exposure incident to his conduct brought on pneumonia of which he died, March 26, 1919. One of the plaintiff's theories is that the delivery was made under the influence of an hallucination incident to the affliction and in a period of mental derangement and irresponsibility, and the other is that of a mere temporary deposit for safe keeping.

The case went to the jury without instructions and the assignments of error relate for the most part to the competency of witnesses and the admissibility of evidence.

For determination of the issues raised upon these theories, the plaintiff introduced much evidence pertaining to the mental condition of the alleged donor, immediately before and after the transaction in question, all of which was clearly admissible. Testimony by which he set up a number of self-serving declarations of the alleged donor was objected to and admission thereof is assigned as error. On the other hand, the plaintiff objected to the testimony of Flem Steber and Frank Steber, relating to personal transactions and communications between him and them, concerning the alleged gift, on the ground of disqualification by reason of interest in the controversy. Certain testimony of the boy's mother, to declarations made by him, was admitted over

an objection of the plaintiff, on the ground that it consti-
tuted a part of the *res gestae*. Evidence of a declaration of
the decedent, indicative of a state of unfriendliness between
him and members of his family, was also admitted over an
objection by the plaintiff.

Inadmissibility of part of the testimony of Frank Steber,
is admitted in the brief filed on his behalf. That the gift
of the ring from Depue to Frank Steber, if made, and all
of the conduct of both on that occasion, were personal trans-
actions between them and excluded by the rule disqualify-
ing witnesses on the ground of interest, is perfectly obvious,
Frank Steber being interested in the result of the trial and
Depue being dead. It is equally manifest that anything said
by either of them, on that occasion relating to the ring and
a gift thereof, was a personal transaction within the meaning
of the law, to which Steber could not testify under the cir-
cumstances.

Flem Steber was not disqualified as a witness to personal
communications between himself and the decedent, respect-
ing the matter in controversy, by reason of his relationship
to Frank Steber. *Cooper* v. *Cooper* 65 W. Va. 712, 717.
The record discloses, however, that he together with another
person executed a counter bond in the penalty of $200.00,
for the purpose of having the property left in the hands of
himself and Frank Steber, pending the determination of the
action, and with condition to have the same forthcoming
to answer the judgment against them, if any. The record,
as sent up from the justice's court, included this bond. The
statute, sec. 168, ch. 50 of the Code, requires a justice, in
case of an appeal, to certify a complete transcript from his
docket, of all the proceedings before him, and to transmit
the same, together with the appeal bond, the pleadings,
depositions and all original papers in the cause, to the clerk
of the Circuit Court of the county. By its recitals, this
bond shows that the Flem Steber executing it is identical
with the Flem Steber who is a party defendant along with
Frank Steber. It is hardly necessary to say, that the ques-
tion of competency of a witness is always one for the court.
Even though the jury may not have been able to notice the

bond, the court could resort to it, for the purpose of ascertaining whether or not Steber was interested in the result of the action. By the execution of this bond, he became a person interested in the result. In an action upon that bond, a judgment for the plaintiff in this action would be conclusive upon him, and that is the test of the liability of a surety or other person, not having or claiming an interest in himself. 1 Greenleaf, Ev., sec. 390; *Miller* v. *Montgomery,* 78 N. Y. 182. Under this rule, a surety in a guardian's bond is incompetent to testify against the ward, in respect of transactions and communications had by him with a deceased person. *Crawford* v. *Parker, Adm'r.* 96 Ga. 156. Guarantors of a tenant are incompetent to testify against the personal representative of a deceased lessor. *Grommes* v. *St. Paul Trust Co.,* 147 Ill. 634.

Admissibility of the mother's testimony to a declaration made by Frank Steber, on the day of the alleged gift and shortly thereafter, depends upon whether or not the declaration was a part of the *res gestae.* The transaction between Depue and Frank Steber took place in Flem Steber's barber shop, when Flem was absent from the shop, he having gone to his evening meal. On his return, he found Depue and Frank in the shop. On his arrival, Depue took the chair to be shaved and Frank left. After his departure, Flem says Depue called for Frank and, being informed of his absence, stated that he had given him a small diamond ring. The mother testified that, on that evening, Frank came running up stairs with the ring and said: "Look here, mother, what I have got." There upon she said: "What is that?" And he replied, "A diamond ring," and said: "Fred Depue gave it to me." That this declaration was made after completion of the transaction is obvious. The boy had left the scene thereof. Nothing connected the declaration with the transaction, except the boy's possession of the ring and possibly an excited state of mind. His mental condition is not the subject of investigation. The fact to be determined is whether or not a gift of the ring had been made. The boy's feelings immediately afterwards constituted a mere incident or consequence of the transaction. That the declaration was

a mere narrative of a past event is clear beyond doubt. Under the rule adopted by this court, in *Hawker* v. *Baltimore & Ohio R. R. Co.,* 15 W. Va. 628, and the precedents therein cited, this declaration is clearly excluded on the ground of narration of a past event and remoteness in time.

The declaration admitted in *Thomas' Adm'r* v. *Lewis,* 89 Va. 1, 57, could not have been admitted by this court, as a part of the *res gestae,* consistently with the rules and principles announced in our case above referred to, and it was not admitted in that case upon the sole ground that it was a part of the *res gestae.* The declaration was made the next morning after the gift, many hours after the transaction. The opinion does not indicate how or why it constituted a part of the *res gestae.* It was no doubt admissible to repel inferences against the donee, arising from silence imputed to her, respecting the alleged gift, by the testimony of witnesses of the opposite party, and that is one of the grounds upon which admission thereof was approved. The rule announced by this court in *Roane Lumber Co.* v. *Lovett Adm'r,* 72 W. Va. 328, may tend to show the correctness of that ruling.

Her testimony to the effect that the boy then claimed to be the owner of the ring and put it among his other possessions was admissible, by way of explanation of his possession. *Martin* v. *Martin,* 174 Ill. 371. She could testify that he claimed it as his own, but not that Depue had given it to him.

No ground is perceived, upon which testimony to Depue's declaration of unfriendliness to his brothers and sisters, could be excluded. It seems to be relevant, as having some bearing upon the motive he may have had in parting with his ring, but its probative value is diminished or limited by lack of proof of a gift in anticipation of death. The weight of evidence is not the test of its admissibility, however.

Though Depue's declaration to the effect that he had given his money away and his ring to Frank Steber, for safe keeping, under the belief that robbers were pursuing him, made shortly after the alleged gift, and while his mind was affected by intoxication and delirium tremens, as testified to by numerous witnesses, are self-serving in their nature and

effect, they are nevertheless admissible for the purpose of proving his mental condition and state of mind. *Lane* v. *Moore,* 151 Mass. 87; *Shailer* v. *Bumstead,* 49 Mass. 112; *Potter* v. *Baldwin,* 133 Mass. 427; *Lewis.* v. *Mason,* 109 Mass. 169; *May* v. *Bradlee,* 127 Mass 414; *Pickins* v. *Davis,* 134 Mass. 252. They are not admissible, however, or rather cannot be used, to prove directly the fact of the gift, or the character of the transaction, the vital issues in the case. *Lane* v. *Moore,* cited. As they are admissible only for certain and limited purposes, a general objection to them was, unavailing. *State* v. *Hood,* 63 W. Va. 182; *Bluefield* v. *Mc-Claugherty,* 64 W. Va. 536, 543. In admitting them the court, if requested, and possibly without request, should have advised the jury; by instruction or otherwise, that they were not to be considered as evidence of a deposit of the ring merely ·for safe keeping, nor against the theory of an absolute gift, but only as bearing upon the alleged donor's state of mind, including his intention. Declarations of that kind made when he was not so affected are not admissible at all. 6 Ency. Ev. 213, citing well considered decisions sustaining the text.

For the errors in the rulings as to evidence, herein indicated, the judgment will be reversed, the verdict set aside and the case remanded for a new trial. ·

*Reversed and remanded.*