# CHARLESTON.

MARY REED *et al. v.* MALISSA J. GUNTER *et al.*

(No. 5594)

Submitted April 20, 1926.   Decided April 27, 1926.

1. DEEDS—*Where Grantees at Time of Execution of Conveyance to Them Executed and Delivered to Grantor Power of Attorney to Act as General Agent in Overseeing and Taking Care of Property, and Both Deed and Power of Attorney Were Found in Grantor's Papers at His Death, Constructive Delivery of Deed Was Shown; Especially in View of Grantor's Declarations That he Had Conveyed Land to Grantees.*

   Where the grantor and grantees are present at the execution of a deed by which grantor conveys real and personal property to grantees for a valuable consideration, the grantees at the same time executing and delivering to grantor a power of attorney by which he is to act as their general

agent in overseeing and taking care of the property with full power to make and conclude sales thereof for them and in their stead as if they were present in person, and both deed and power of attorney are found in the papers of the grantor after his death occurring many years after their date, a constructive delivery of the deed is shown, especially where the grantor has made numerous declarations, extending up to a short time before his death, to the effect that he had conveyed his land to his sisters, the grantees.   (p. 516.)

(Deeds, 18 C. J. §§ 95, 546.)

2.  SAME—*Fact That Grantor, Who Executed Deed and Took Power of Attorney From Grantees to Care for Property With Power to Make Sales Thereof, remained in Possession, Paid Taxes, Made Leases, and Exercised Other Acts of Ownership Was Not Sufficient to Overcome Presumption of Constructive Delivery of Deed.*

In such case the fact that grantor remained in possession of the property, paid taxes thereon, made leases thereof, and exercised other acts of ownership not inconsistent with the power of attorney and agency in his possession, is not sufficient to overcome the presumption of constructive delivery of the deed.   (p. 520.)

(Deeds, 18 C. J. §§ 495, 548.)

3.  EVIDENCE—*Declarations of Grantor, Made Subsequent to His Conveyance, Are Not Admissible to Affect Title of Grantees.*

The declarations of a grantor made subsequent to his conveyance are not admissible to affect the title of his grantee. (*Casto* v. *Fry*, 33 W. Va. 449.)    (p. 519.)

(Evidence, 22 C. J. § 413.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Mary Reed and others against Malissa J. Gunter and others to cancel a deed.  From a decree for plaintiffs, defendants appeal.

*Reversed; bill dismissed.*

*J. Blackburn Watts* and *W. E. R. Byrne,* for appellants.

*L. E. Given* and *M. M. Robertson,* for appellees.

LIVELY, JUDGE:

This is an action in chancery brought by Mary Reed et al. to have cancelled and annulled a deed from Perry W. Cooper to Malissa J. Gunter and Emeline Elmore. The grantees in this deed appeal from a decree of the circuit court setting aside and annulling this deed.

Perry W. Cooper died March 1, 1924, leaving surviving him as his heirs at law three sisters, the plaintiff Mary Reed, the petitioners herein, Malissa Gunter and Emeline Elmore; and the heirs at law of Prudencia Jones (a deceased sister of Cooper), who are co-plaintiffs with Mary Reed.

Upon Cooper's death there was found among the papers in his possession a deed dated March 13, 1894, in which Cooper conveyed to Malissa J. Gunter and Emeline Elmore, 133 acres of land on Little Sandy, in Kanawha County, together with certain personal property. This writing was signed by Cooper and was acknowledged by him before M. M. Hicks, a notary public, on March 13, 1894. On the same day the grantees in said deed executed a power of attorney constituting and appointing "Perry W. Cooper to act as our agent in generally overseeing and taking care of the real and personal property acquired by us this day from him by Deed bearing even date herewith with full power to act in our stead to make and conclude sales or any other business necessary to be done to act as our attorney in our room and stead as though we were present in person." This writing, which was also found among Cooper's papers after his death, was signed by Malissa J. Gunter and Emeline Elmore, the latter making her mark which was witnessed by M. M. Hicks (the notary who took Cooper's acknowledgment of the deed).

The deed in controversy was recorded in the Kanawha County Court Clerk's Office, March 8, 1924. The power of attorney was not recorded.

At April Rules, 1924, the bill was filed by which plaintiffs seek to have this deed set aside and annulled because: (1) there had never been a delivery; (2) no consideration had been paid by the grantees therein; (3) the grantor continued in possession and absolute control of said real estate from the date of the purported deed until his death; and (4) Perry W.

Cooper had said writing prepared that he might deliver the same should certain suits be brought against him, which suits were never instituted. The circuit court, upon the pleadings filed and depositions taken in the cause, found in favor of plaintiffs, basing its decree on the first three of the grounds just set out.

The primary and perhaps controlling question which presents itself is, was there a delivery of the deed? The counsel for appellants do not rely upon proof of actual delivery, but contend that as the evidence shows that the grantees had assembled at Cooper's home on March 13, 1894, for the purpose of having executed the papers heretofore mentioned; that on that day the deed was signed and acknowledged by Perry Cooper; that the grantees in the deed, on the same day, executed a power of attorney giving him control of the property deeded to them (which power of attorney was found among decedent's private papers after his death); coupled with the subsequent declarations of Cooper to the effect that he had conveyed his property to his two sisters, the grantees, a constructive delivery of the deed is clearly established.

On the other hand, counsel for appellees argue that the circumstances under which the power of attorney was found (it having been taken from a can formerly used by decedent, after its removal to Mrs. Elmore's house by her daughter, upon Cooper's death), renders it doubtful if this paper was ever in the actual possession of Cooper. It is further contended that if such an inference could reasonably be drawn, this fact should have little weight as evidence of the delivery of the deed, in view of all the other facts proved by the appellees, or admitted by appellants. It is pointed out that the evidence of the witnesses for appellants by which it was sought to establish the fact that Cooper had deeded the land to his two sisters, is just as consistent with the theory that he was still claiming the land himself, citing as an example the evidence of witness Taylor, who in stating that Cooper had told him that he had conveyed his farm to his two sisters, also quoted Cooper as having said on that occasion, "I don't know whether I have got any farm or not." It is also argued that

the mere fact that Cooper may have said that he had "deeded" the land to the appellants could mean no more than the making, signing and acknowledging of the instrument, without referring to the delivery thereof. As evidencing the non-delivery of the deed, counsel for appellees point out the fact that Cooper retained absolute control of the property from the date of the deed until his death; that he paid the taxes thereon; leased a part thereof; made an oil and gas lease in 1901 in his own name; and rendered no account of the profits derived from the property. They also call attention to the evidence of several witnesses testifying for appellees to the effect that the decedent had made statements after the date of the deed which showed that he never intended it to be effective.

In determining the question of delivery, there are certain recognized principles which it will be well to bear in mind, the first of which is, that before a deed becomes effective as such, it must be delivered, but a manual delivery thereof is not necessary, because delivery being a matter of intention, it may be determined from the action and words of the grantor and the circumstances surrounding the transaction. *Hunt* v. *Hunt, Trustee,* 91 W. Va. 685; *Foreman* v. *Roush,* 87 W. Va. 341. Second, that while the mere acknowledgment of a deed is not conclusive evidence of its delivery, it is a circumstance tending to show delivery. *Ferguson* v. *Bond,* 39 W. Va. 561. And third, the fact that the finding of an unrecorded deed among the private papers of the grantor, at his death, a number of years after the execution thereof, raises a presumption that the deed was never intended to pass the grantor's title, and this presumption may be strengthened by the fact that the grantor has remained in possession of the land which is the subject-matter of the conveyance, and has exercised such a dominion thereover as to be wholly inconsistent with the theory that he has conveyed his land to the grantee named in the deed. *Foreman* v. *Roush,* 87 W. Va. 341.

In the instant case, without considering the alleged incompetent testimony relating to the actual delivery of the deed, it is established by competent evidence that the grantees were

at the home of Cooper when the papers were executed, and had assembled there for that purpose; that whatever may have been the motive of the grantor Cooper, he did sign and acknowledge the deed in question which was found among his papers at his death; and that a power of attorney executed to him on the same day, by the grantees in said deed, empowering him to act in their place and stead in regard to the property conveyed in said deed, was also found among the decedent's private papers after his death.

The inference of the intention to deliver the deed which might have been drawn by reason of the acknowledgment of the instrument, is rebutted by the presumption against delivery arising because of the finding of the deed among the private papers of the grantor, at his death, more than thirty years after its execution, and by the retention of the possession and control of the property conveyed. But this presumption against delivery is overcome in the instant case by the circumstances surrounding the transaction, the execution and delivery of the power of attorney, and by the declarations against interest made by the grantor subsequent to the execution of the deed. First, there is the evidence showing that the grantees had assembled at Cooper's home on March 13, 1894, for the purpose of having executed the papers mentioned herein. Second, and most important, is the execution and delivery of the power of attorney by the grantees in the deed, on the same day as that mentioned in the deed, and the finding of this power of attorney among the papers of the grantor after his death. *Gustin* v. *Michelson,* 55 Neb. 22, 75 N. W. 153. If there had been no delivery of the deed, either actual or constructive, there would have been no plausible reason for the execution of the power of attorney. This is a very strong fact tending to indicate that the deed was delivered. And third, we have the statements of the grantor made to several witnesses, to the effect that he had deeded his property to the two sisters, the grantees named in the deed. According to the testimony of A. L. Taylor, in the fall of 1923 he had endeavored to purchase ten acres off the lower end of Perry Cooper's farm, and the latter told him that

while he paid taxes, he didn't know whether he had any farm; that he had deeded his farm to two of his sisters, and didn't want to make any more changes. There is also the evidence of Frank and Charles Cart, that Cooper had stated to them a number of years after the execution of the deed in question that he had deeded his property to his two sisters, Mrs. Gunter and Mrs. Elmore. Then again, there is the testimony of Henry Goff, a witness for the plaintiffs, who says the decedent Cooper told him that "he had made a deed to Mrs. Elmore and Mrs. Gunter, but he did not intend them to put it on record; he was afraid Bob Cart would get behind him on a piece of land, he said they hadn't treated him right, and he never intended to put it on record, that they could let it lay and divide it the way they pleased after he died." That part of the testimony of these witnesses which relates to statements of the grantor that he had made the deed in question is admissible as a declaration against interest. *Farrar* v. *Goodwin,* 98 W. Va. 215; *Williams* v. *Kidd,* 170 Cal. 631, 151 Pac. 1, Ann. Cas. 1916 E 703, and note on page 713. The evidence of witnesses testifying for appellees to the effect that the grantor had made statements tending to show that he never intended the deed to become effective, was clearly inadmissible, because the statements attributed to the grantor were purely self-serving declarations. *Farrar* v. *Goodwin, supra; Casto* v. *Fry,* 33 W. Va. 449.

Although it is true, as stated in *Foreman* v. *Roush, supra,* that the retention of possession of the land by the grantor until his death, the lease thereof before that time, and the receipt and use of all the issues and profits arising from the land during the intervening time, is a circumstance to be considered in determining the question of delivery in cases like the instant one, yet such an apparent inconsistency with the transfer of ownership may be overcome by the execution of a power of-attorney like the one in this case. And this is especially true when it is remembered that a part of the consideration for this deed was the maintenance and support of the grantor during his natural life. The possession of the land and the acts of ownership detailed are not inconsistent with

the power of attorney. The presumption is that he was acting under the powers conferred by that paper, and not as owner.

Under the circumstances of this case, as above detailed, we are unable to perceive any merit in the contention of appellees that the deed should be set aside because no consideration was actually paid for the conveyance. A part of the consideration as recited in the deed is ''the sum of One hundred ($100.00) Dollars in hand paid by the parties of the second part the receipt whereof is hereby acknowledged.'' As was said in *Hunt* v. *Hunt, Trustee,* 91 W. Va. 685, 693, ''It is asserted that no consideration in fact passed, and the deed should be held void for that reason. It is well established that parol evidence is admissible to show the actual consideration paid or promised is different from that recited in the deed; but it is not admissible to alter or contradict the legal import of the deed. The weight of authority is that the acknowledgment of the payment in a deed is open to unlimited explanation in every direction; but the recited consideration cannot be attacked for the purpose of showing that the deed was not founded on valuable consideration; the legal import of the deed, the transfer of the title, cannot be defeated in that way. *Baughman* v. *Hoffman,* 90 W. Va. 388, 110 S. E. 829; Devlin on Real Estate, sec. 823; Brown on Parol Evidence, sec. 92.''

The decree will be reversed, and plaintiffs' bill dismissed.

*Reversed; bill dismissed.*