## 𝔖taunton

M. A. ENRIGHT AND MARY C. ENRIGHT v. CARRIE LANDERS
BANNISTER AND KATHERINE LANDERS COX.

September 10, 1953.

Record No. 4077.

Present, All the Justices.

The opinion states the case.

*M: J. Fulton* and *W. Griffith Purcell*, for the appellants.

*Ashby B. Allen, William Old, Leaman & Browder* and *John G. May,* Jr., for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit is a contest between the children and grand-children of Thomas M. Landers on the one side, claiming under his will, and his widow's devisee on the other, claiming under a deed, over the ownership of the residence property of Thomas M. Landers at 2016 Hanover avenue, in the city of Richmond.

Thomas M. Landers was married twice. Of the first marriage there were five children who survived infancy and reached maturity. About 1908, after the death of his first wife, he married Ellen Enright, thereafter known as Ellen T. Landers. They had no children. Two or three years after this second marriage he and his wife, Ellen, moved into the house at 2016 Hanover avenue which he had built. At that time all of his children were married except Carrie, afterwards Carrie Landers Bannister, one of the appellees. She was then about thirteen years old and lived in the home with her father and stepmother until she was married and for several years afterwards, moving out about 1929. Thomas M. Landers and his wife continued to live in this home until they died and her brother, M. A. Enright, one of the appellants, lived there with them. Thomas M. Landers died May 14, 1926. Ellen T. Landers died December 15, 1948.

Thomas M. Landers left a will dated May 10, 1917, which was probated June 8, 1926, by which he gave all his real and personal estate, including the Hanover avenue property, to his wife, Ellen T. Landers, for her life, with power to encumber, convey and consume, and with the further provision that if anything should be left unconsumed at her death it should go to his children. He appointed his wife executrix of the will, to qualify without security. The trial court construed this will as giving to the five children who survived the testator vested interests in any of the estate

left unconsumed at the death of the life tenant, pursuant to Code section 55-7, and no question is raised on this appeal as to the correctness of that construction.

On January 15, 1937, Ellen T. Landers executed and recorded a deed of trust on the Hanover avenue property to secure her brother, M. A. Enright, in the payment of a note for $2,500 for money borrowed by her from him.

At the same time, January 15, 1937, she caused to be recorded a deed dated December 15, 1923, executed by Thomas M. Landers and acknowledged by him on the same day before a notary public, conveying to his wife, Ellen T. Landers, the Hanover avenue property in fee simple, with covenants of general warranty, right to convey, freedom from encumbrances and quiet possession.

At her death in 1948 Mrs. Landers left a will, which was duly probated, giving all her estate, real and personal, to her brother, M. A. Enright, with a provision that any part undisposed of at his death should go to her husband's children. The children do not claim any interest under this provision, the same being void under the doctrine of *May* v. *Joynes*, 61 Va. (20 Gratt.) 692, and not saved by section 55-7 of the Code, applicable to an estate granted expressly for life. *Mowery* v. *Coffman*, 185 Va. 491, 39 S. E. (2d) 285; *Crisman* v. *Swanson*, 193 Va. 247, 68 S. E. (2d) 502. Thereafter M. A. Enright executed and recorded a deed of trust on the Hanover avenue property to V. C. Adamson and M. J. Fulton, Trustees, dated June 16, 1950, to secure the payment of a negotiable note for $3,500 held by Mechanics and Merchants Bank. Later by deed dated July 7, 1950, M. A. Enright conveyed the property to his niece, Mary C. Enright, the other appellant.

This suit in equity was instituted by a bill filed in August, 1950, by the appellees, two daughters of Thomas M. Landers, who are his only surviving children, asking for a declaration of the rights of the contending parties.

The bill alleged that the deed of December 15, 1923, was false and fraudulent; that it was not delivered to Ellen T. Landers by Thomas M. Landers; and even if it was not

a forgery, Ellen T. Landers was estopped from claiming under it because of a sworn inheritance tax return filed by her listing the Hanover avenue property as belonging to Thomas M. Landers at the date of his death.

The trial court correctly held that there was no adequate evidence to support claims of forgery or estoppel and that holding is not here questioned. However, the court held that her inheritance tax return of the property as part of Thomas M. Landers' estate, the payment of taxes on the property from her executorial funds and the delay in recording the deed were circumstances producing grave doubt as to whether there had been a delivery of the deed, sufficient to cast upon Enright and his niece the burden of showing that there was a delivery of the deed, which they had failed to prove. Accordingly the decree appealed from was entered, cancelling and annulling the deed of December 15, 1923, adjudicating that the deed of July 7, 1950, from M. A. Enright to Mary C. Enright conveyed nothing to her and that the five children of Thomas M. Landers who were living at his death and their successors in title take under his will the Hanover avenue property, subject to the $3,500 deed of trust of June 16, 1950, from M. A. Enright to V. C. Adamson and M. J. Fulton, Trustees, which was held to be valid and enforceable.

From this decree M. A. Enright and Mary C. Enright were granted an appeal and the controlling question raised by the assignments of error is as to the holding that the deed of December 15, 1923, to Ellen T. Landers was void for want of delivery.

■ Delivery is, of course, essential to the validity of a deed. The delivery may be actual, as by manual tradition to the grantee, or to another for his use, or it may be constructive as where it is placed in the power and control of the grantee. It may be proved by direct evidence or be inferred from circumstances. *Pollock* v. *Glassell*, 43 Va. (2 Gratt.) 439, 456.

" * * * Possession of a complete and perfect deed by the party claiming under it, is *prima facie* evidence of delivery,

and, under ordinary circumstances, no other proof would be required. *Games* v. *Stiles*, 14 Pet. 322. The general principle of the law is that the formal act of signing, sealing, and delivery is the perfection and consummation of the deed, and it lies clearly with the grantor to prove that the appearances are not consistent with the truth. The presumption is against him, and the task is upon him to destroy that presumption by positive proof that there was no delivery, and that it was so understood at the time. * * * ." *Seibel* v. *Rapp*, 85 Va. 28, 31, 6 S. E. 478, 479.

Where the grantee is in possession of a deed which has been duly executed, the presumption arises that it has been duly delivered and the burden of proof rests on the party disputing the presumption. 26 C. J. S., Deeds, § 184 b., p. 594; 16 Am. Jur., Deeds, § 382, p. 654. "The date of a deed is *prima facie* the date of delivery, but only *prima facie*." *Leftwich* v. *Early*, 115 Va. 323, 327, 79 S. E. 384, 386.

The acknowledgement of a deed is a circumstance tending to show delivery, but standing alone it is insufficient to make a *prima facie* case of delivery. Where the grantor retains possession of the instrument, without any declaration or other evidence of his intention to deliver, the mere act of acknowledgment is not of such character as to rebut the natural inference that it is retained because the grantor had no purpose at the time to deliver it. *Mumpower* v. *Castle*, 128 Va. 1, 14, 104 S. E. 706, 710; *Reed* v. *Gunter*, 101 W. Va. 514, 133 S. E. 123; 26 C. J. S. , Deeds, § 204 a., at p. 632; 16 Am. Jur., Deeds, § 134, p. 513.

It is generally agreed, however, that the law makes stronger presumptions in favor of delivery where a deed is a voluntary settlement than in an ordinary case of bargain and sale. 16 Am. Jur. Deeds, § 151, p. 522; 26 C. J. S., Deeds, § 183 at p. 592; Anno. 129 A. L. R. 11, at p. 40; *Payne* v. *Payne*, 128 Va. 33, 45, 104 S. E. 712, 716; *Mumpower* v. *Castle*, *supra*, 128 Va. at p. 17, 104 S. E. at p. 711. But even in such cases some evidence of delivery cannot be

wholly dispensed with. *Garrett* v. *Andis*, 159 Va. 150, 158, 165 S. E. 657, 659.

The only evidence as to who had possession of the deed after it was acknowledged is to the effect that the grantee was given possession of it. M. A. Enright testified that one morning at the breakfast table two or three days after the deed was made, and before Thomas M. Landers died, Mrs. Landers told him that Thomas M. Landers had given her a deed to the house and that she had put it in the cedar chest. The deed itself and the circumstances connected with it, including the will of Thomas M. Landers, indicate that it was a voluntary gift or settlement. The consideration stated was $10, love and affection and "other valuable consideration." The fact that he executed and acknowledged the deed is consonant with a purpose in the mind of the grantor to convey this property to his wife.

The strong presumption of delivery arising from the circumstances mentioned is aided and given additional force by the parol evidence. John J. Curley, who married a niece of Mrs. Landers, testified that in the fall of 1923 or spring of 1924 Thomas M. Landers, while visiting in his home, told him that he had already placed his property in his wife's name, adding, "If it was not for her I would not have one nickel."

Mary C. Enright, one of the appellants, testified that she frequently visited in the Landers home and that during the Christmas holidays following the making of the deed Mrs. Landers said that Mr. Landers had deeded the house to her.

M. J. Fulton, attorney and trustee in the deed of trust of January 15, 1937, above mentioned, testified that on that day Mrs. Landers came to his office and employed him to prepare the papers to secure M. A. Enright in the payment of $2,500 which she had borrowed from him. He asked her if she had a deed to the property and she said her husband had made and delivered to her a deed which she had at home. He requested her to bring it down so he could get the description. She then brought the deed to him and he prepared the deed of trust from it.

This witness testified that again in 1942 Mrs. Landers came to his office, informed him that she had applied to the Savings Bank and Trust Company for a loan of $1,000 and the bank wanted the title examined. He turned the matter over to a title examiner, who asked for an affidavit as to the delivery of the deed, whereupon Mrs. Landers made an affidavit, signed and sworn to by her before a notary public, and introduced into evidence in the case, stating that in December, 1923, her husband, Thomas M. Landers, executed and delivered to her a deed conveying to her the Hanover avenue property and that she received the deed, which she had had admitted to record on January 15, 1937. It was properly conceded in argument that this affidavit was admissible in evidence, and that the other statements by Mrs. Landers above alluded to were likewise admissible under section 8-286 of the Code, the appellees, adverse parties, having testified.

The strong presumption of delivery, supported as it is by the parol evidence referred to, is not outweighed, in our opinion, by the facts and circumstances relied on by the appellees and given controlling weight by the able chancellor.

The two daughters of Thomas M. Landers, the appellees, testified, it is true, that they knew nothing about the deed until it was discovered of record; but it is not shown that there was any occasion for them to know about it. Only one of them, Mrs. Bannister, lived in the home when the deed was made, and she testified that she had never heard of her father's will until after he died, when she went down to the city hall in 1927 or 1928 and had it copied, and that she did not mention the will to her stepmother after her father died. Her father may have considered that he had reason for not apprising his children of the deed. Witness Curley testified that Thomas M. Landers said to him that he knew that after his death there would be "some family squabble."

The delay in recording the deed is not of great moment. It does not appear that the necessity for doing so was sug-

gested to Mrs. Landers until she consulted her attorney about giving a deed of trust on the property in 1937. She was already in possession of the property and using it as her own.

The inheritance tax return, made and sworn to by her as her husband's personal representative, listing the property as belonging to her husband's estate, loses some of its significance when it is considered that it shows that her decedent's property passed "all to the widow" and the total net value given for all real and personal property was less than the widow's exemption as the law then was. Acts 1924, ch. 305, p. 460. The settlement of her executorial account shows no payment for inheritance tax. Reasons for making this report not inconsistent with her possession of the deed may be suggested, but whatever the explanation, it appears that the weight of the report as evidence is balanced, if not overbalanced, by the sworn statement of Mrs. Landers in 1937 that the deed had been in fact made and delivered to her in 1923.

The fact that Mrs. Landers paid city taxes for one year, 1926, out of her executorial funds is not important in view of the fact that the balance of those funds was payable and paid to her as shown by her settlement. Payment out of the estate's funds merely reduced the amount payable to her.

For the reasons stated we hold that the deed from Thomas M. Landers to Ellen T. Landers dated December 15, 1923, was duly delivered to Ellen T. Landers and conveyed the 2016 Hanover avenue property to her; that the deed of July 7, 1950, from M. A. Enright to Mary C. Enright conveyed said property to the grantee therein according to its terms; that the five children of Thomas M. Landers who were living at his death and their successors in title take no interest in said property under the will of Thomas M. Landers and that their bill should be dismissed.

Accordingly the decree appealed from is reversed, except as to its holding, not appealed from, that the deed of trust

of June 16, 1950, from M. A. Enright to V. C. Adamson and M. J. Fulton, Trustees, is valid and enforceable according to its terms, and a final decree will here be entered.

*Reversed and final decree.*