## CIRCUIT COURT OF THE CITY OF RICHMOND

Donald E. Troup

v.

Continental Casualty Co.

October 4, 1996

Case No. LA-1834-4

BY JUDGE RANDALL G. JOHNSON

This case is ripe for determination on the parties' cross motions for summary judgment. At issue is whether mailing to a Virginia resident at a Virginia address a "certificate of insurance" representing coverage under a group policy of accident and sickness insurance is the delivery of an insurance policy in Virginia within the meaning of Va. Code § 38.2-3409. If the answer is yes, plaintiff is entitled to $31,500 for the death of his son. Otherwise, he is not. The court holds that plaintiff is entitled to recover.

The facts are not in dispute. Defendant, Continental Casualty Company, is an Illinois corporation licensed to do business in Virginia and authorized to sell and/or issue certain insurance policies here. On September 1, 1988, it issued the group policy under consideration in this case to Financial Services Corporation, located in Brentwood, Tennessee. Persons eligible for coverage under the policy were account holders of participating institutions of Financial, including the Bank of Charlotte County, Virginia, where plaintiff had an account. Plaintiff applied for coverage under the policy and a certificate of insurance was mailed to him at his home in Keysville, Virginia.

At the time the certificate was issued, plaintiff had a son, Ronald Louis Troup, who was nineteen years old. Ronald Troup suffered from impaired health and severe mental retardation, and had been adjudged by the Circuit Court of Lunenburg County to be incompetent and unable to care for himself. He lived with his parents, was unmarried, was incapable of self-sustaining employment by reason of his physical and mental condition,

and was dependent on his parents for his support and maintenance. On July 21, 1993, while the policy was in force, Ronald Troup died from drowning. He was eight days shy of his twenty-fourth birthday.

The policy covering plaintiff at his son's death is designated by Continental as a "Family Plan" policy. Under the Family Plan, all "Eligible Family Members" are covered. The relevant definition is contained in the certificate:

> "Eligible Family Member" means the spouse of the Insured and the unmarried dependent children of the Insured (or his/her spouse) who are not self-supporting and who are less than age 19, but children age 19 but less than 23 are covered if they are full-time students in an accredited school, college or university and primarily dependent upon the customer for support and maintenance.

Since plaintiff's son was not a full-time student and was also not less than twenty-three when he died, he is not included in the above definition, and that is the position taken by Continental in refusing to pay any benefit for his death. Plaintiff, however, cites Va. Code § 38.2-3409 to argue that his son was covered no matter what the policy says. The pertinent part of the statute provides:

> § 38.1-3409. *Coverage of dependent children.* — A. Any group or individual accident and sickness insurance policy or subscription contract delivered or issued for delivery in this Commonwealth which provides that coverage of a dependent child shall terminate upon that child's attainment of a specified age, shall also provide in substance that attainment of the specified age shall not terminate the child's coverage during the continuance of the policy while the dependent child is and continues to be both: (i) incapable of self-sustaining employment by reason of mental retardation or physical handicap, and (ii) chiefly dependent upon the policy owner for support and maintenance.[1]

---

[1] In his memorandum and at oral argument, counsel for plaintiff took the position that the subject policy is a life insurance policy as defined in Va. Code § 38.2-102, and is therefore governed by Va. Code § 38.1-3324 which contains language very similar to the language quoted above. The court has spoken with counsel for both parties since oral argument, however, and they agree that the policy is actually an accident and sickness policy as defined in Va. Code § 38.2-109.

Plaintiff argues that the above statute provides coverage for his son's death since his son was incapable of self-sustaining employment by reason of mental retardation and was chiefly dependent on the plaintiff for support and maintenance. Continental argues that the above statute does not apply because the *policy* of insurance was issued to Financial Services Corporation in Brentwood, Tennessee, not to the plaintiff in Virginia. All that was delivered to plaintiff, says Continental, was the certificate of insurance, and the certificate plainly says:

> This Certificate is not the Policy. It is merely evidence of insurance provided under the Policy.

Thus, according to Continental, no policy was ever "delivered or issued for delivery in this Commonwealth," so the terms of the statute were never invoked. The court disagrees.

In *Gulf Ins. Co. v. Davis*, an unpublished opinion of the United States Court of Appeals for the Fourth Circuit (No. 94-2123, decided August 15, 1995), Gulf issued a motor vehicle liability policy to the National Association of Independent Truckers (NAIT) in Missouri. One of NAIT's members, Melvin Davis, was a Virginia resident and an insured under the policy. A certificate of insurance was issued to Davis in Virginia but, as is the case here, the actual policy was not. The court held that "the Certificate of Insurance . . . was proof of [Davis'] insured status under the Gulf Policy and thus was tantamount to the Gulf Policy with respect to Davis." Opinion at 3. Consequently, the court concluded that Va. Code § 38.2-2206's requirements for policies issued or delivered to owners of vehicles principally garaged or used in Virginia applied to the Gulf Policy; that is, that since a certificate of insurance was issued to Davis, and since the certificate of insurance was tantamount to the policy, the policy was issued to Davis. Opinion at 8. While this court recognizes that unpublished opinions of the Fourth Circuit are not binding precedent on any court, and that even published opinions of the Fourth Circuit are not binding on this court, this court believes that the Fourth Circuit's holding in *Gulf* is correct. The court adopts that holding here.

In adopting *Gulf's* holding, the court is well aware of the Supreme Court of Virginia's prohibition against "judicial legislation." In *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990), the Court said:

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it . . . . When an enactment is

clear and unequivocal, general rules of construction of statutes
of doubtful meaning do not apply."

239 Va. at 241 (quoting *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d
84 (1985)).

This court is also bound, however, to give effect to pronouncements of
the General Assembly, that is, to avoid a construction of a statute that
would render the statute meaningless. In *McFadden v. McNorton*, 193 Va.
455, 69 S.E.2d 445 (1952), it is said:

> It is a well established rule of construction that a statute ought to
> be interpreted in such manner that it may have effect, and not to
> be found vain and elusive. Every interpretation that leads to an
> absurdity ought to be rejected. It is our duty to give effect to the
> wording of a statute, and allow the legislative intention to be
> followed.

193 Va. at 461.

To give a literal reading to the "delivered or issued for delivery" lan-
guage of § 38.1-3409 would, in this court's view, render that section and
similar code sections relating to nearly every other type of insurance in
Virginia meaningless. For example, and in addition to § 38.2-3324 dealing
with group life insurance referred to in note 1 above, the "delivered or
issued for delivery" language, or language which for all legal and practical
purposes is identical to it, is found in § 38.2-2101 dealing with fire insur-
ance, § 38.2-2200 and several other sections dealing with liability insur-
ance, § 38.2-2300 dealing with legal services insurance, § 38.2-3104 and
several other sections dealing with individual life insurance, § 38.2-3500
and several other sections dealing with individual accident and sickness
insurance, and probably more. If insurance companies can evade the re-
quirements of all of those statutes simply by sending insurance policies to
out-of-state entities or by retaining the policies at their non-Virginia home
offices, while sending Virginia insureds documents referred to as "certifi-
cates" with disclaiming language similar to the "this is not a policy"
language in plaintiff's certificate here, Virginia insureds would have little
of the protection which the General Assembly so obviously intended for
them.

On the other hand, the law has long recognized that in certain situations
a party's actions can constitute a legal event even though all of the "nor-
mal" and "technical" components of that event are not present. Thus,
Virginia law recognizes constructive desertion, *Chandler v. Chandler*, 132

Va. 418, 427, 112 S.E. 856 (1922); constructive eviction, *Buchanan v. Orange*, 118 Va. 511, 515, 88 S.E. 52 (1916); constructive breaking and entering, *Clarke v. Commonwealth*, 66 Va. (25 Gratt.) 908, 912 (1874); and constructive fraud, *Moore v. Gregory*, 146 Va. 504, 523, 131 S.E. 692 (1925). Virginia law also recognizes constructive delivery:

> Delivery is, of course, essential to the validity of a deed. The delivery may be actual, as by manual tradition to the grantee, or to another for his use, *or it may be constructive* as where it is placed in the power and control of the grantee. It may be proved by direct evidence or be inferred from circumstances.

*Enright v. Bannister*, 195 Va. 76, 79, 77 S.E.2d 377 (1953) (emphasis added). *See also Capozzella v. Capozzella*, 213 Va. 820, 823, 196 S.E.2d 67 (1973) (constructive delivery of a deed); *Snidow v. First National Bank*, 178 Va. 239, 245-250, 16 S.E.2d 385 (1941) (constructive delivery of a gift and a deed); *Pleasants v. Pendleton*, 27 Va. (6 Rand.) 473 (1828) (constructive delivery of chattels under a sales contract).

This court can think of no good reason why Virginia law does not also recognize the concept of constructive delivery of contracts, including insurance policies. This court recognizes that concept now. Accordingly, the court holds that by issuing a group policy of accident and sickness insurance to Financial Services Corporation with actual knowledge that at least one of Financial's participating institutions, the Bank of Charlotte County, Virginia, was located in Virginia, and by mailing to plaintiff, a Virginia resident, a certificate of insurance based on that policy, Continental constructively delivered the subject insurance policy, and also issued the subject policy for delivery, in Virginia. The policy is therefore governed by the provisions of § 38.1-3409 and must provide the coverage set out in that statute. Plaintiff will have judgment.[2]

---

[2] The court is aware of plaintiff's argument that Tennessee law also requires the coverage at issue here. The court is not convinced, however, that the Tennessee statutes cited by plaintiff are applicable to the type of insurance involved here. Thus, the court places no reliance on the Tennessee statutes in deciding this case.